

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEITH BAXTER,                                )
                                             )
    Plaintiff, on behalf of himself and      )
    all others similarly situated,           )
                                             )    JURY DEMANDED
                                             )

    v.                                       **07CV 6745**

KAWASAKI MOTORS CORP., U.S.A.,               **JUDGE  HART**

    Defendant.                               **MAGISTRATE JUDGE KEYS**

### PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

FILED

NOV 3 0 2007   NH

Nov 30 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## TABLE OF CONTENTS

| | | |
|---|---|---:|
| NATURE OF THE ACTION | | 1 |
| JURISDICTION AND VENUE | | 3 |
| PARTIES | | 4 |
| BACKGROUND TO CLASS PERIOD | | 4 |
| FACTUAL ALLEGATIONS | | 5 |
| CLASS ACTION ALLEGATIONS | | 8 |
| A. | Class Definitions | 8 |
| B. | Rule 23(a) | 9 |
| C. | Rules 23(b)(1), 23(b)(2), and 23(b)(3) | 11 |
| COUNT I | | 12 |
| COUNT II | | 14 |
| COUNT III | | 15 |
| JURY DEMAND | | 17 |

## NATURE OF ACTION

1.     This is a class action brought on behalf of all consumers subjected to Defendant, Kawasaki Motor Corporation, U.S.A.'s ("Defendant") scheme to tamper with motor vehicle odometers.     Defendant's practice of tampering with motor vehicle odometers directly contravenes congressional safeguards established to protect purchasers in the sale of motor vehicles specific to odometer alteration.  This suit alleges violations of 49 U.S.C. §32701 et. seq., ("Odometer Act"), which undermine congressional efforts to ensure good faith dealing in the automotive industry.

2.     In drafting legislation prohibiting alteration of motor vehicle odometers, installation of devices intended to alter motor vehicle odometers, and related disclosure requirements, Congress expressly found that buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle; that buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of a vehicle, and; that an accurate indication of the mileage of a vehicle assists a buyer in deciding on the safety and reliability of the vehicle.  In thirty plus years since passage of the Odometer Act, courts have unanimously recognized such purposes.

3.     Just as the unscrupulous mechanic who rolls back a single odometer with a screwdriver is subject to liability under the Odometer Act, so is a sophisticated manufacturer of thousands, if not hundreds of thousands of motor vehicles equipped with altered components, devices, software tables, and electronic mechanisms, specific to odometers produced in mass. The sophistication of odometers, and their tamperers alike, cannot serve to circumvent the purposes of the Odometer Act.

1

4.    Defendant has engaged in, with the intent to defraud, acts which constitute advertising for the sale, sale, use, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

5.    Defendant has engaged in, with the intent to defraud, acts which constitute disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

6.    Defendant has engaged in, with the intent to defraud, acts which constitute transferring ownership of a motor vehicle without providing to the transferee disclosure of the cumulative mileage registered on the odometer, or disclosure that the actual mileage is unknown where the transferor knows that the odometer reading is different from the number of miles the vehicle actually traveled.

7.    Defendant has acted in manner tantamount to failure, refusal, or inability to repair defects that manifested in Plaintiff's vehicle, as well as vehicles of all those included in the subject class.

8.    Defendant has demonstrably deprived Plaintiff, and all those included in the subject class, of the benefit of their bargain.  Neither Plaintiff, nor all those included in the subject class, will receive the full extent of the warranty for which valuable consideration was tendered.

9.    Defendant has caused, through components, devices, software tables, and electronic mechanisms, the inflation of the reported mileage of the vehicle purchased by Plaintiff, as well as all those included in the subject class, over mileage actually traveled by the vehicle.  Stated otherwise, Plaintiff has fashioned a pattern and practice of intentionally altering

2

vehicle odometers so as to consistently exaggerate the mileage in favor of Defendant and to the detriment of consumers.

10.    As a result of the far-reaching effect of Defendant's commonplace scheme, in addition to the harm caused by Defendant's deceptive practice, the design, manufacturing, advertising, and sale of aftermarket parts, created to remedy defective and altered odometers, are prevalent.   Neither astonishing, nor unanticipated, Defendant does not condone the use of aftermarket parts to correct defective and altered odometers.   As well, Defendant asserts that installation of aftermarket parts to correct defective and altered odometers serves to eliminate the possibility of further warranty coverage.

11.    In enacting the Odometer Act, Congress sought to establish a national policy against odometer tampering, and prevent consumers from being victimized by such abuses. Courts have observed that the Odometer Act was enacted to give purchasers of motor vehicles a reliable index of the vehicle's condition, value, safety, and reliability, and to protect the public from common, ordinary dishonesty.   Violations of the Odometer Act are actionable by any injured member of the public, such as Plaintiff and all those included in the subject class, for whose benefit the statute was enacted.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.

13.    Venue is proper in the Northern District of Illinois for the reason that Defendant resides in the State of Illinois.   In particular, Defendant is subject to personal jurisdiction in the state of Illinois, and Defendant's contacts would be sufficient to subject it to personal jurisdiction in the Northern District of Illinois if the Northern District of Illinois were a separate State.

3

## PARTIES

14.    Plaintiff, KEITH BAXTER, is a resident of Mount Juliet, Tennessee.  Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, manufactured, designed, and marketed by Defendant, for valuable consideration, from State Motorcycles in Peninsula, Ohio.

15.    Defendant, KAWASAKI MOTORS CORP., U.S.A., is a foreign corporation authorized to do business in the State of Illinois, and is engaged in the manufacture, sale, advertisement, and/or distribution of motor vehicles and related equipment and services in the Northern District for the State of Illinois.

## BACKGROUND TO CLASS PERIOD

16.    At the time Congress enacted the Odometer Act, some seventeen (17) states had enacted legislation to curb the practice of tampering with odometers, but states without such legislation had found this practice on the increase, especially when a neighboring state had an odometer law.

17.    By prohibiting the tampering of odometers on motor vehicles, and by establishing safeguards for the protection of those persons who purchase vehicles having altered or tampered odometers, Congress believed the Odometer Act would establish a national policy against odometer tampering and prevent consumers from being victimized by such abuses.   The legislative intent expressed in the Odometer Act emphasizes the purchasers' reliance on odometer information, and although the Odometer Act does not rely exclusively on private actions by individual consumers for its enforcement, it clearly, like the Truth in Lending Act, contemplates actions by private attorneys general as a substantial enforcement tool.

4

## FACTUAL ALLEGATIONS

18.     On or about November 9, 2006, Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600 ("Vulcan"), Vehicle Identification No. JKBVNKG166A000711, manufactured, designed, and marketed by Defendant, for valuable consideration.

19.     The purchase price of the Vulcan, including registration charges, document fees and sales tax, but excluding collateral charges, such as bank and finance charges, totaled more than $10,600.00.

20.     Prior to Plaintiff's purchase of his vehicle, Defendant's authorized dealership completed a "Kawasaki Assembly and Preparation Check List." The completed Kawasaki Assembly and Preparation Check List includes the language: "I hereby certify that prior to delivery to the first retail purchaser, assembly and preparation servicing was performed on the vehicle listed below in accordance with the following check list, and in compliance with the established procedures prescribed by Kawasaki." The completed Kawasaki Assembly and Preparation Check List further includes a section titled "Test Drive Check List." The Test Drive Check List section includes a check-marked box reading: "Instruments – check operation."

21.     In consideration for the purchase of the Vulcan, Defendant issued and supplied to Plaintiff its written warranty which includes two (2) year coverage, as well as other warranties fully outlined in Defendant's Limited Warranty booklet. Defendant, among other warranties fully outlined in Defendant's Limited Warranty booklet, warranted that for a period of twenty-four (24) months from the date of initial retail purchase from one of Defendant's authorized dealerships that Plaintiff's vehicle would be free, under normal use and maintenance, from any defect in material and workmanship subject to the certain conditions, exclusions, obligations and limitations.

22.    Defendant purposefully designed or altered the odometer of Plaintiff's vehicle, or directed the design or alteration of the odometer of Plaintiff's vehicle, to inflate the mileage registered by the odometer, above the actual mileage traveled by Plaintiff's vehicle, by a factor of or approximately ten (10) percent.  In other words, where Plaintiff's vehicle travels one-hundred miles, the odometer registers approximately one-hundred-ten miles.

23.    Shortly after taking possession of his vehicle, Plaintiff became aware that the mileage registered by the odometer of his vehicle was inflated, above that actually traveled by his vehicle, by a factor of approximately ten (10) percent.  Plaintiff verified inflated odometer readings via two global positioning satellite devices, in addition to United States interstate mile markers.

24.    On December 26, 2006, Plaintiff contacted Defendant informing Defendant of the defective odometer.  In response to Plaintiff's December 26, 2006 notice, Defendant informed Plaintiff of the following:

a.    Defendant acknowledged the odometer defect is common with Plaintiff's vehicle, as well as the general type of vehicle Plaintiff purchased,

b.    Defendant stated that a ten percent error rate, specific to discrepant odometer mileage readings, is within Defendant's acceptable tolerance,

c.    Defendant stated that it does not maintain a written policy specific to Defendant's acceptable tolerance regarding odometer mileage readings discrepant from actual mileage traveled, and

d.    Defendant asserted that it has no desire to, and in fact refuses, to repair and/or remedy the defective odometer installed in Plaintiff's vehicle.

6

25. On January 4, 2007, Plaintiff tendered his vehicle to one of Defendant's authorized repair centers. Upon tender, Plaintiff informed Defendant's authorized repair center that the mileage registered by the odometer of his vehicle was inflated, above that actually traveled by his vehicle, by a factor of approximately ten (10) percent. Plaintiff informed Defendant's authorized repair center that he verified the mileage registration discrepancy through use of two separate global positioning satellite devices, as well as United States interstate mile markers.

26. On February 1, 2007, Defendant mailed to Plaintiff written correspondence in response to Plaintiff's notification regarding the defective condition of the odometer installed on Plaintiff's vehicle. Defendant explicitly affirmed: "Kawasaki Motors Corp., U.S.A., along with other manufacturers, distributes product with speedometers that will register higher speed than actual speed." Defendant further announced in writing: "As discussed on 12-28-06 the acceptable tolerance for Kawasaki is an error rate of up to 10 percent." Moreover, Defendant refused Plaintiff's request for repair and/or remedy, noting: "While we are sorry that we cannot directly grant your request, we thank you for the opportunity to respond."

27. Upon transfer of ownership, Defendant failed to disclose the cumulative mileage registered on the odometer of Plaintiff's vehicle.

28. Upon transfer of ownership, Defendant failed to disclose that the actual mileage of the vehicle was unknown where Defendant knew that the odometer reading was different from the actual number of miles the vehicle had actually traveled.

29. In a letter to Plaintiff dated February 13, 2007, Defendant confirmed: "[N]o speedometer will be or is expected to be 100% accurate." As well, Defendant again recognized "common inaccuracies" specific to odometers utilized by Defendant's motor vehicles. As

7

previously stated, Defendant also refused Plaintiff's request for repair and/or remedy: "No further action will be taken by Kawasaki Motors or this department with regards to this matter."

30.    Defendant's Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "The odometer shows the total distance in kilometers (miles) that the vehicle has been ridden. This meter cannot be reset."

31.    Defendant's Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "Speedometer: The speedometer shows the speed of the vehicle."

32.    Defendant's practice and procedure in designing or altering, or directing the design or alteration, of motor vehicle odometers that register inflated mileage readings substantially impairs the use, value, and/or safety of vehicles in which such defective odometers are included.

33.    Plaintiff has been financially damaged due to Defendant's intentional design, or direction of odometer design, to inflate the mileage registered by odometers above and beyond that actually traveled.

34.    The value of Plaintiff's vehicle is diminished due to the fact that the odometer installed on Plaintiff's vehicle indicates mileage over that actually traveled.

35.    Plaintiff will not receive the benefit of his bargain for reason that the odometer of his vehicle registers a mileage different from the mileage the vehicle has actually traveled.

## CLASS ACTION ALLEGATIONS

**A.    Class Definitions**

36.    Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, the class Plaintiff seeks to represent includes:

8

All persons and entities who/which purchased, leased or otherwise acquired from Defendant anywhere in the United States of America a 2006 model year Kawasaki Vulcan 1600 Nomad motorcycle, or any Kawasaki motorcycle employing, making use of, or operating with, a similarly defective odometer.

The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

37.    The class is so numerous that joinder of members is impracticable

38.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39.    The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

40.    There exists a well defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to:

      a.    The existence of an identical product defect in the vehicles at issue;

      b.    The measure of actual damages;

c.    Defendant's violations of 49 U.S.C. §32701 et. seq.;

c.    The availability of statutory penalties;

d.    Attorney's fees and costs.

**B.    Rule 23(a)**

41.    The claims of Plaintiff are typical of those of the class he represents.

42.    The claims of Plaintiff and of the class he represents originate from the same violative and fraudulent conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

43.    Plaintiff possesses the same interests and has suffered the same injuries as the each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.  In particular, Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, specific to which Defendant purposefully designed or altered the odometer, or directed the design or alteration of the odometer, to inflate the mileage registered by the odometer, above the actual mileage traveled, by a factor of or approximately ten (10) percent.  Plaintiff seeks damages in an amount sufficient to restore to him the benefit of his bargain, treble damages, statutory penalties, attorneys' fees, and costs.

44.    Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other members of the class.

45.    Plaintiff is willing and prepared to serve the Court and proposed class.

46.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

10

47.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

**C.    Rules 23(b)(1), 23(b)(2), and 23(b)(3)**

48.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class that would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

49.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

50.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that:

11

a.    individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

b.    as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions;

c.    the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d.    the proposed class action is manageable.

## COUNT I

53.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52.

54.    Plaintiff alleges that the Defendant violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(1). In particular, Plaintiff alleges that Defendant has violated 49 U.S.C. §32703(1) in the following manner:

> Advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

55.    Plaintiff alleges that the conduct of Defendant in advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register

12

a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer, was committed with the intent by Defendant to defraud consumers.

56.    Plaintiff alleges that Defendant had actual notice of the existence of the defective odometer throughout the proposed class period and has consciously elected not to notify consumers or voluntarily recall the vehicle in question.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2. Adjudging that Defendant violated 49 U.S.C. §32703(1) and that it did so with the intent to defraud consumers;

3. Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendant;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

13

7.  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

57.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56.

58.    Plaintiff alleges that the Defendant violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(2).  In particular, Plaintiff alleges that Defendant has violated 49 U.S.C. §32703(2) in the following manner:

> Disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

59.    Plaintiff alleges that the conduct of Defendant in disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer, was committed with the intent by Defendant to defraud consumers.

60.    Plaintiff alleges that Defendant had actual notice of the existence of the defective odometer throughout the proposed class period and has consciously elected not to notify consumers or voluntarily recall the vehicle in question.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2. Adjudging that Defendant violated 49 U.S.C. §32703(2) and that it did so with the intent to defraud consumers;

3. Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendant;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

7. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

61.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 60.

62.    Plaintiff alleges that the Defendant violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32705(a)(1)(A),(B).  In particular, Plaintiff alleges that Defendant has violated 49 U.S.C. §32705(a)(1)(A),(B) in transferring ownership of a motor

15

vehicle in violation of requirement that a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:

> Disclosure of the cumulative mileage registered on the odometer.

> Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

63.    Plaintiff alleges that the conduct of Defendant in transferring ownership of a motor vehicle in violation of requirement that a person transferring ownership of a motor vehicle shall disclose of the cumulative mileage registered on the odometer, and disclose that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled, was committed with the intent by Defendant to defraud consumers.

64.    Plaintiff alleges that Defendant had actual notice of the existence of the defective odometer throughout the proposed class period and has consciously elected not to notify consumers or voluntarily recall the vehicle in question.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1.    Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2.    Adjudging that Defendant violated 49 U.S.C. §32705(a)(1)(A),(B) and that it did so with the intent to defraud consumers;

16

3. Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendant;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

7. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8. Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable as a matter of right.

Dated: November 29, 2007

_____
One of the attorneys for plaintiff

Jorge Sanchez
Carol Nguyen
DESPRES SCHWARTZ & GEOGHEGAN
77 West Washington Street
Suite 711
Chicago, IL 60602
(312) 372-7391

Aaron D. Radbil
Gregory H. Moss
Scott M. Cohen
KROHN & MOSS, LTD.
120 West Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428

17