IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07C-6745 |
| | ) | |
| v. | ) | Judge William Hart |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KAWASAKI MOTORS CORP., U.S.A.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Kawasaki Motors Corp., U.S.A. ("KMC"), by and through its counsel, Thompson Coburn LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff Keith Baxter's ("Plaintiff's") Complaint.[1]  In support of its Motion, KMC states as follows:

1.  Plaintiff's Complaint purports to allege certain violations of the Federal Odometer Act, 49 U.S.C. §§ 32701 *et seq.* arising out of his purchase of a new 2006 Kawasaki Vulcan Nomad 1600 motorcycle (the "Motorcycle").[2]  The basis of Plaintiff's Complaint is that the odometer is defective.  Plaintiff has brought this action as a putative class action on behalf of himself and other owners of 2006 Vulcan Nomad 1600 motorcycles.  Complaint, ¶¶ 36-52.

---

[1] KMC hereby reserves its right to file a motion to transfer venue, pursuant to 28 U.S.C. § 1404(a), based upon the doctrine of forum non conveniens, at some point in time subsequent to its filing of this Motion to Dismiss.  A motion to transfer venue is not a motion that must be raised pursuant to Rule 12(b) and (h) of the Federal Rules of Civil Procedure at the time of filing of the first responsive pleading, and therefore, KMC is not required to bring its motion to transfer venue at this time.  *See, e.g., James v. Norfolk & W. Ry. Co.*, 430 F.Supp. 1317, 1319 (N.D. Ohio 1976); *Red Wing Shoe Co., Inc. v. B-Jays USA, Inc.*, 2002 WL 1398538 at *2 (D. Minn. 2002); *see also* 5 Wright & Miller, Fed. Prac. & Proc.: Civil § 1352 (1976).

[2] For purposes of this motion to dismiss for failure to state a claim, the allegations made by Plaintiff in his Complaint are assumed to be true.  *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993).  However, KMC does not admit any allegation made by Plaintiff discussed herein.

2.       Plaintiff is an individual and resident of Mount Juliet, Tennessee. *Id..*,¶ 14. On or about November 9, 2006, Plaintiff purchased the Motorcycle, which he alleges was manufactured by KMC.[3] *Id.*, ¶ 18. Plaintiff purchased the Motorcycle new from State Motorcycles in Ohio, which Plaintiff does not claim is owned or operated by KMC. *Id.*, ¶ 14. He does not allege any communications with KMC directly until after his purchase of the Motorcycle.

3.       Plaintiff's allegations focus on an allegedly defective odometer. Plaintiff alleges that the odometer on the Motorcycle is defective in design such that it fails to accurately record the number of miles the Motorcycle has been driven by a factor of ten percent. *Id.*, ¶ 22. That is, Plaintiff alleges that the odometer records mileage such that the reading on the odometer is approximately ten percent higher than the actual mileage of the Motorcycle. *Id.*

4.       Plaintiff alleges that after he purchased the Motorcycle, he "discovered" that the Motorcycle's odometer registered the Motorcycle's mileage up to ten percent higher than the actual mileage of the Motorcycle. *Id.*, ¶ 23. Plaintiff alleges that only *after* he purchased the Motorcycle did he have any direct communications with KMC. *Id.*, ¶¶ 24-29.

## I.  Count I fails to state a claim under § 32703(1) of the Odometer Act.

5.       Count I of Plaintiff's Complaint purports to state a claim under § 32703(1) of the Odometer Act. Section 32703(1) of the Odometer Act states that a person may not "advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer…." 49 U.S.C. § 32703(1).

6.       Count I fails to state a claim under § 32703(1) of the Odometer Act for the following reasons:

    (a) **First**, Plaintiff has failed to allege any "device" which may constitute the subject of a § 32703(1) claim. By its plain terms, § 32703(1) requires the plaintiff to show that the defendant advertised for sale, sold, used or installed "a *device* that makes an odometer of a motor vehicle register a mileage different from " the vehicle's actual mileage. 49

---

[3] Plaintiff alleges that KMC "manufactured, designed, and marketed" the Motorcycle at issue in this case. Complaint, ¶ 18. This allegation is inaccurate. KMC is a wholesaler of a variety of products such as motorcycles, JET SKI® watercraft, ATVs and lawn mowers. KMC did not manufacture the Motorcycle at issue in this case. However, for purposes of this Motion to Dismiss, Plaintiff's allegations are taken as true. *See* fn.1, *supra*.

U.S.C. § 32703(1) (emphasis added).  Plaintiff has failed to make any allegation concerning any such separate device here and Count I must fail as a result.

(b)  **Second**, Count I fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred.  The Odometer Act requires that any individual seeking to bring a claim based upon an alleged violation of the Act show that such alleged violation was committed with "intent to defraud," and such intent to defraud must be pled with the same specificity as fraud in other contexts under Rule 9(b).  49 U.S.C. § 32710(a); *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).  Count I falls far short of this required level of specificity and, further, fails to allege any facts from which intent to defraud could be inferred at all.

(c)  **Third**, the Odometer Act does not apply to manufacturers of vehicles when there is no allegation that the manufacturer directly transferred the vehicle to the plaintiff.  Plaintiff alleges that KMC "manufactured" the Motorcycle and that he instead purchased the Motorcycle from States Motorcycles.  This failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's Odometer Act claim.  The Odometer Act does not apply to KMC's sale of the Motorcycle to State Motorcycles, from whom Plaintiff purchased the Motorcycle. *See Reiff v. Don Rosen Cadillac-BMW, Inc.*, 501 F. Supp. 77 (E.D. Pa. 1980).

II.     **Count II fails to state a claim under § 32703(2) of the Odometer Act.**

7.      Count II is similarly deficient.  Count II purports to state a claim based upon § 32703(2) of the Odometer Act.  Section 32703(2) states that a person may not "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer."  49 U.S.C. § 32703(2).  Count II of Plaintiff's Complaint fails to state a claim and should be dismissed for the following reasons:

(a)  **First**, like Count I, Count II fails to allege with any specificity whatsoever that KMC intended to defraud Plaintiff or any facts from which such intent could be inferred.  Like Count I, Count II fails to allege any specific time, place, content or method of any alleged intent to defraud by KMC.  For the same reasons, Count II fails to allege intent to defraud with any specificity whatsoever and should be dismissed as a result.

(b)  **Second**, Plaintiff's Complaint does not allege that KMC, which allegedly manufactured the Motorcycle, transferred the Motorcycle to Plaintiff and instead correctly alleges that Plaintiff purchased the Motorcycle from State Motorcycles.  Complaint, ¶ 14.  As with Count I, this failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's claim. *See Reiff*, 501 F. Supp. at 79.  Count II should be dismissed as a result.

(c)  **Third**, Count II fails to state a claim because Plaintiff fails to allege that the odometer was inaccurate at the time KMC transferred the Motorcycle.  In order to state a claim

under the Odometer Act, a plaintiff must allege that the defendant's intent to defraud related to the mileage stated on the odometer at the time the defendant transferred the vehicle. *Ioffe*, 414 F.3d at 713. Plaintiff has not alleged that any action by KMC was intended to fraudulently relate to the vehicle's mileage *at the time Plaintiff purchased the Motorcycle*, because Plaintiff admits that he did not purchase the Motorcycle from KMC, but from State Motorcycles. Count II fails to state a claim under § 32703(2) for this reason as well and should be dismissed.

### III.   Count III fails to state a claim under § 32705(a)(1)(A) and (B).

8.   Finally, Count III fails to state a claim and should be dismissed as well. Count III alleges that KMC violated § 32705(a)(1)(A) and (B) of the Odometer Act. Those sections require a person transferring a motor vehicle to either disclose the cumulative mileage registered on the odometer to the transferee, or to disclose to the transferee that the actual mileage of the vehicle is unknown, if that is the case. 49 U.S.C. § 32705(a)(1)(A) and (B). Count III fails to state a claim under this section for the following reasons:

> (a) **First**, Count III fails to allege that KMC made any odometer disclosure statement to Plaintiff. By its plain terms, § 32705(a)(1) applies to odometer disclosure statements—that is, statements by the transferor of a motor vehicle to the transferee concerning the mileage on the vehicle. In order to allege a claim under § 32705(a)(1), Plaintiff must allege that KMC violated that section with the intent to defraud Plaintiff. 49 U.S.C. § 32710. Plaintiff has not alleged, and cannot possibly allege, that KMC intended to defraud him concerning some disclosure statement regarding the Motorcycle's odometer, because Plaintiff has not alleged that KMC made any odometer disclosure to him whatsoever.
>
> (b) **Second**, Count III fails to state a claim under § 32705(a)(1) and (2) because Plaintiff has failed to allege that he received an *inaccurate* odometer disclosure statement when he purchased the Motorcycle (or, for that matter, any disclosure statement at all). In order to state a claim under § 32705(a)(1), a plaintiff must show that he received an inaccurate odometer disclosure statement when he purchased the vehicle. Plaintiff has simply failed to offer any allegation that he received an inaccurate odometer disclosure statement (from KMC or anyone else) at the time he purchased the Motorcycle.
>
> (c) **Third**, Count III fails to state a claim because Plaintiff has failed to allege any intent to defraud by KMC in connection with any odometer disclosure statement at the time Plaintiff purchased the Motorcycle or any facts from which intent to defraud could even be inferred. Under the Odometer Act, a plaintiff must allege intent to defraud with regard to the odometer disclosure statement in order to state a claim under the odometer disclosure statement provisions of the Act. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 Fed. Appx. 220, 223 (4th Cir. 2002). Plaintiff has failed to allege any such intent to defraud here, because all specific communications between Plaintiff and KMC occurred *after* Plaintiff had purchased the Motorcycle from the dealership.

9.     KMC has filed contemporaneously herewith its Memorandum of Law in Support of Its Motion to Dismiss and incorporates the same by reference herein.

WHEREFORE, for all of the reasons set forth herein and in KMC's Memorandum in Support, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint with prejudice, award costs against Plaintiff and in favor of KMC, and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ William R. Bay
Richard A. Mueller, #01981617 (*pro hac vice*)
William R. Bay, #6181670
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
wbay@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

## CERTIFICATE OF SERVICE

     I hereby certify that on March 24, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:  Jorge Sanchez, Carol Nguyen, DESPRES SCWARTZ & GEOGHEGAN, 77 West Washington Street, Suite 711, Chicago, IL 60602 and Aaron D. Radbil, Gregory H. Moss, Scott M. Cohen, KROHN & MOSS, LTD., 120 West Madison Street, 10th Floor, Chicago, IL 60602

/s/ William R. Bay
Richard A. Mueller, #01981617 (*pro hac vice*)
William R. Bay, #6181670
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
wbay@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant

OF COUNSEL:
THOMPSON COBURN LLP