IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07C-6745 |
| | ) | |
| v. | ) | Judge William Hart |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KAWASAKI MOTORS CORP., U.S.A.'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Kawasaki Motors Corp., U.S.A. ("KMC"), by and through its counsel, Thompson Coburn LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff Keith Baxter's ("Plaintiff's") Complaint.

### I.   INTRODUCTION

Plaintiff's Complaint purports to allege certain violations of the Federal Odometer Act, 49 U.S.C. §§ 32701 *et seq.* arising out of his purchase of a new 2006 Kawasaki Vulcan Nomad 1600 motorcycle (the "Motorcycle"). The basis of Plaintiff's Complaint is that the odometer is defective. Plaintiff purchased the Motorcycle new from State Motorcycles in Ohio, which Plaintiff does not claim is owned or operated by KMC. He does not allege any communications with KMC directly until after his purchase of the Motorcycle.

Plaintiff's allegations focus on an allegedly defective odometer. Plaintiff alleges that the odometer on the Motorcycle is defective in design such that it fails to accurately record the number of miles the Motorcycle has been driven by a factor of ten percent. Complaint, ¶ 22. That is, Plaintiff alleges that the odometer records mileage such that the reading on the odometer is approximately ten percent higher than the actual mileage of the Motorcycle. *Id.* Plaintiff also alleges that he received a two-year warranty in connection with his purchase of the Motorcycle, *not* a mileage-based warranty. *Id.*, ¶ 21. Plaintiff does *not* allege any vehicle damage, nor does

4704450.4

Plaintiff allege that some inaccuracy in the odometer has had any effect on the duration of his warranty (KMC's warranty on this Motorcycle is time-based (running for two years) and is *not* determined by mileage).    Plaintiff alleges that he "will not receive the benefit of his bargain" because of the alleged odometer defect, though Plaintiff identifies no actual out-of-pocket money damages he has incurred as a result of the alleged defect.  *Id.*, ¶ 35.  Plaintiff has brought this action as a putative class action on behalf of himself and other owners of 2006 Vulcan Nomad 1600 motorcycles.  *Id.*, ¶¶ 36-52.

Even if taken as true, Plaintiff's allegations (which KMC disputes) do not state a cause of action against KMC, for the following reasons:

1. Plaintiff has failed to allege "intent to defraud" by KMC, a required element under any Odometer Act claim, with the required specificity, or any facts from which intent to defraud could even be inferred, nor can he possibly do so, because Plaintiff's only communications with KMC occurred well after he had already purchased the Motorcycle from a dealership;

2. The Odometer Act does not apply to KMC's sale of the Motorcycle to State Motorcycle, from whom Plaintiff purchased the Motorcycle;

3. Plaintiff has failed to allege that the Motorcycle's odometer was inaccurate at the time KMC transferred the Motorcycle to State Motorcycles; and

4. Plaintiff has otherwise failed to allege facts to satisfy required elements of specific Odometer Act claims he purports to state (*e.g.*, Plaintiff has failed to allege that KMC installed or sold some separate "device" that made the odometer inaccurate, and Plaintiff has failed to allege that he received, or that KMC made, any odometer disclosure statement).

In order to state an Odometer Act claim, a plaintiff must allege that the defendant acted with intent to defraud, including pleading specific allegations —who, when, where, what— concerning the alleged intent to defraud by the defendant.  Plaintiff has failed to allege intent to defraud by KMC with any specificity, nor has he alleged any facts from which such intent could be inferred.  Instead, the only specific allegations concerning communications between KMC and Plaintiff occurred *after Plaintiff had already purchased the Motorcycle from the dealership*.  The minimal communications between KMC and Plaintiff, occurring after Plaintiff had purchased the Motorcycle from the dealership, do not support even an inference of intent to defraud and certainly do not meet the heightened burden of pleading required for this element of any Odometer Act claim.

Similarly, case law also demonstrates that the Odometer Act will not give rise to a cause of action against a manufacturer/distributor (who is one step removed from the plaintiff's purchase of the vehicle) where, like here, the plaintiff purchased the vehicle from an independent retailer, not the manufacturer. Plaintiff's other claims are likewise deficient. Plaintiff claims that KMC violated the section of the Odometer Act prohibiting sale or installation of a "device" making an odometer inaccurate, but Plaintiff never pleads with specificity any such "device" KMC allegedly applied to or installed in the Motorcycle's odometer. Similarly, Plaintiff claims that KMC violated the section of the Odometer Act prohibiting the inaccurate disclosure of an odometer's reading, yet Plaintiff fails to allege that KMC made any odometer disclosure to him at all, or that Plaintiff ever received an inaccurate odometer disclosure statement from anyone. For all of these reasons, and the reasons stated herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II.  SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The facts of this case, as alleged by Plaintiff and as relevant to this Motion to Dismiss, are as follows.[1] Plaintiff is an individual and resident of Mount Juliet, Tennessee. *Id.*, ¶ 14. On or about November 9, 2006, Plaintiff purchased the Motorcycle, which he alleges was manufactured by KMC.[2] *Id.*, ¶ 18.

Plaintiff does not allege that he purchased the Motorcycle directly from KMC. Instead, he alleges that he purchased the Motorcycle from State Motorcycles in Peninsula, Ohio. *Id.*, ¶ 14. In fact, Plaintiff does *not* allege that KMC had any direct communications with Plaintiff at all before he purchased the Motorcycle. Rather, the only "communications" Plaintiff alleges he received from KMC at the time he purchased the Motorcycle (Plaintiff does not allege that received any communications from KMC before he purchased the Motorcycle) were the Limited Warranty booklet, which set forth the terms of the two-year limited warranty Plaintiff received in connection with his purchase of the Motorcycle, and the Owner's Manual (both of which he

---

[1] For purposes of this motion to dismiss for failure to state a claim, the allegations made by Plaintiff in his Complaint are assumed to be true. *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). However, KMC does not admit any allegation made by Plaintiff discussed herein.

[2] Plaintiff alleges that KMC "manufactured, designed, and marketed" the Motorcycle at issue in this case. Complaint, ¶ 18. This allegation is inaccurate. KMC is a wholesaler of a variety of products such as motorcycles, JET SKI® watercraft, ATVs and lawn mowers. KMC did not manufacture the Motorcycle at issue in this case. However, for purposes of this Motion to Dismiss, Plaintiff's allegations are taken as true. *See* fn.1, *supra*.

alleges that he directly received from State Motorcycles, not KMC). *Id.*, ¶¶ 20-21. (It is important to note that Plaintiff does not allege that the limited warranty he received from KMC was in any way limited by or connected to the mileage of the Motorcycle; instead, as Plaintiff notes, the limited warranty was time-based and ran for two years. *Id.*) Moreover, Plaintiff does *not* allege that he relied upon, or even so much as read, the Limited Warranty Manual or the Owner's Manual before he purchased the Motorcycle.

The only other communication or representation Plaintiff alleges he received before or at the time of his purchase of the Motorcycle was a "Kawasaki Assembly and Preparation Check List," which, as Plaintiff notes, was made and completed by *State Motorcycles*, not KMC. *Id.*, ¶ 20. Plaintiff does *not* allege that he received an odometer disclosure statement from anyone prior to or at the time of his purchase of the Motorcycle, and Plaintiff certainly does not allege that he received such a disclosure from KMC.

Plaintiff alleges that after he purchased the Motorcycle, he "discovered" that the Motorcycle's odometer registered the Motorcycle's mileage up to ten percent higher than the actual mileage of the Motorcycle. *Id.*, ¶ 23. Plaintiff alleges that only *after* he purchased the Motorcycle did he have any direct communications with KMC, at which time he alleges he was told by KMC that a ten-percent odometer variance is within KMC's acceptable tolerance. *Id.*, ¶¶ 24-29.[3]

### III.    ARGUMENT

Plaintiff's Complaint fails to state a claim against KMC because the facts alleged in the Complaint simply do not fall within the scope of the Odometer Act. The Odometer Act, by its own express terms, was designed "(1) to prohibit *tampering* with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with *altered* or *reset* odometers." 49 U.S.C. § 32701(b) (emphasis added); *see also United States v. Harris*, 512 F. Supp. 1174, 1176-78 (D. Conn. 1981) (Odometer Act was meant to "'mandat(e) a national policy against the disconnecting of, or the setting back of, odometers in order to defraud purchasers of motor vehicles'" (*quoting* S. Rep. No. 92-413, 92d Cong., 2d Sess. (1972)). Pursuant to this

---

[3] Although Plaintiff identifies the communications as a letter from KMC to him dated February 1, 2007 in the Complaint, he does not attach a copy of that letter. In actuality, the letter (Exhibit A) noted an acceptable tolerance rate of up to ten percent concerning the speedometer (which registers speed) rather than the odometer (which registers mileage).

stated purpose, the Odometer Act is almost always invoked against used car dealerships (or individual sellers of used cars) for tampering with or disconnecting an odometer. *See*, *e.g.*, *Harris*, 512 F. Supp. at 1178 n. 2 (noting legislative history expressing concern that 'it has become a widespread practice for unscrupulous dealers to disconnect or reset odometers in order to deceive prospective purchasers"). In short, the Odometer Act is not designed to support the types of claims asserted by Plaintiff in this case.

A.   **Count I of Plaintiff's Complaint fails to state a claim under § 32703(1) of the Odometer Act.**

Count I of Plaintiff's Complaint purports to state a claim under § 32703(1) of the Odometer Act. Section 32703(1) of the Odometer Act states that a person may not "advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer…." 49 U.S.C. § 32703(1). Plaintiff fails to state a claim under this section of the Odometer Act because he has: (a) failed to allege intent to defraud, which is a required element of any Odometer Act claim, with the required specificity, nor can Plaintiff possibly do so; (b) failed to allege that KMC, (which he incorrectly pleads manufactured the Motorcycle) transferred the Motorcycle directly to Plaintiff; and (c) failed to identify any "device" which might be the subject of a § 32703(1) claim. For all of these reasons, Count I of Plaintiff's Complaint should be dismissed.

1.   **Section 32703(1) does not apply in this case because Plaintiff fails to allege any "device" which may serve as the basis of a claim under § 32703(1).**

Count I fails to state a claim because § 32703(1) of the Odometer Act does not apply to the facts of this case. Plaintiff has failed to allege any "device" which may constitute the subject of a § 32703(1) claim. By its plain terms, § 32703(1) requires the plaintiff to show that the defendant advertised for sale, sold, used or installed "a *device* that makes an odometer of a motor vehicle register a mileage different from " the vehicle's actual mileage. 49 U.S.C. § 32703(1) (emphasis added). The terms of the statute indicate that it contemplates a device *separate and apart from* the odometer itself, stating that it applies to devices that "make" an odometer inaccurate (indicating contemplation of some separate device that can act upon the odometer to "make" it inaccurate). Count I of Plaintiff's Complaint fails to state a claim because Plaintiff has alleged no such separate "device" that was advertised, sold or used by KMC.

To the contrary, Plaintiff's allegations refer only to the installation of the odometer itself by KMC. Nowhere in the Complaint does Plaintiff allege that KMC installed the odometer in the Motorcycle and then installed or applied some separate device to the odometer. Had Congress intended that § 32703(1) apply to the installation of an odometer itself, it clearly would not have included language pertaining to a "device" that "makes" an odometer inaccurate.

By its plain terms, § 32703(1) was designed to apply to only those cases where the defendant has applied some separate "device" to the odometer. Plaintiff has failed to make any allegation concerning any such separate device here. For this reason, Count I fails to state a claim and should be dismissed.

### 2. Count I fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred.

The Odometer Act requires that any individual seeking to bring a claim based upon an alleged violation of the Act show that such alleged violation was committed with "intent to defraud." Section 32710 of the Act, which sets forth the requirements for private civil actions under the Odometer Act, states that "[a] person that violates this chapter … *with intent to defraud*" may be liable under the Act's civil remedies. 49 U.S.C. § 32710(a) (emphasis added). Based upon this provision, the Odometer Act "requires a private plaintiff to prove (1) a violation of the Act or a related regulation, and (2) that the violation was committed with intent to defraud." *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 710 (7th Cir. 2005) (holding that the Act's private right of action extends "only to cases where the transferor [of the vehicle at issue] intended to defraud a transferee"); *see also Robinette v. Griffith*, 483 F. Supp. 28, 31 (W.D. Va. 1979) (holding only violations of the Act committed "with intent to defraud" are actionable).[4]

To state a cause of action under the Odometer Act, the requisite "intent to defraud" must be pled with the same particularity as fraud in other contexts under Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* "A bare allegation of fraud does not satisfy the pleading

---

[4] *Robinette*, and several other cases cited in this Memorandum, were decided under the Federal Motor Vehicle Information and Cost Savings Act (the "MVICSA"), 15 U.S.C. § 1901 *et seq.* The MVICSA was a predecessor version of the Odometer Act which was repealed and re-enacted, almost verbatim, as the Odometer Act in 1994. *See* 198 A.L.R. Fed. 255 ("In 1994, Congress … repealed 15 U.S.C.A. §§ 1981 to 1991 and recodified the provisions without substantive change at 49 U.S.C.A. §§ 32701 to 32711."). The MVICSA was also referred to as the "Odometer Requirements Act." *See, e.g., Reiff v. Don Rosen Cadillac-BMW, Inc.*, 501 F. Supp. 77 (E.D. Pa. 1980). Therefore, decisions interpreting the MVICSA have precedential value in interpreting the essentially-identical Odometer Act.

requirements of Rule 9(b)" and, consequently, does not state a cause of action under the Odometer Act. *Id.* Instead, to plead intent to defraud sufficiently to satisfy Rule 9(b), a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *see also Capalbo v. Paine Webber, Inc.*, 672 F. Supp. 1048, 1050 (N.D. Ill. 1987) (holding that a complaint alleging fraud is sufficient if it "sets forth the time, place, particular contents of the false representations, the identity of the party making the misrepresentations, and the consequences of the misrepresentations").

Count I falls far short of this required level of specificity and, further, fails to allege any facts from which intent to defraud could be inferred at all. Count I makes only the bare allegation that KMC's "conduct … was committed with the intent by Defendant to defraud consumers." Complaint, ¶ 55. Even looking back to the remainder of Plaintiff's Complaint, the only communication whatsoever Plaintiff alleges that KMC made at the time of his purchase of the Motorcycle was Plaintiff's receipt of KMC's Limited Warranty booklet (Plaintiff does not allege that KMC made any communications to him before the purchase). But Plaintiff does *not* allege that any representation in the Limited Warranty booklet was false, nor that he read or relied upon the Limited Warranty booklet before purchasing the Motorcycle. Plaintiff has simply failed to allege any communication whatsoever by KMC to Plaintiff prior to or at the time of the purchase of the Motorcycle that was false or made with intent to defraud, much less with the specific allegations concerning time, place, particular contents and maker of representations an Odometer Act claim requires.

The only other alleged communications between Plaintiff and KMC occurred *after* Plaintiff had already purchased the Motorcycle. *See* Complaint, ¶¶ 24-29, discussing communications between Plaintiff and KMC from December 26, 2006 through February 13, 2007, all of which occurred at least six weeks after Plaintiff purchased the Motorcycle on November 9, 2006. These post-sale communications cannot constitute some intent to defraud Plaintiff into purchasing the Motorcycle because Plaintiff had already purchased it. Moreover, KMC would have no apparent motive for any intent to defraud in relation to a Motorcycle Plaintiff had already purchased. When the motive for alleged fraudulent conduct is not apparent,

the level of specificity required to allege fraud "must be correspondingly greater." *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987); *see also U.S. v. Simon*, 425 F.2d 796, 808-10 (2d Cir. 1969). As such, Plaintiff was required to plead intent to defraud with "correspondingly greater" specificity against KMC. Plaintiff has failed to do so.

Moreover, Plaintiff has not alleged that KMC made any *false* representation to Plaintiff in these communications. Instead, Plaintiff alleges only that KMC told Plaintiff about an alleged ten percent discrepancy in certain odometers, and that such ten percent discrepancy was within KMC's acceptable tolerance. These alleged communications,[5] which were made after the sale of the Motorcycle to Plaintiff and which Plaintiff does not even allege were false, cannot possibly constitute proof of "intent to defraud" sufficient to support an Odometer Act claim.[6]

Plaintiff has therefore failed to allege "intent to defraud" by KMC or any facts from which intent to defraud could be inferred. Moreover, Plaintiff has failed to allege any of the specific details concerning time, place, and contents of communications required to sufficiently allege intent to defraud. For these reasons, Count I of Plaintiff's Complaint fails to state a claim and should be dismissed.

**3.     Count I fails to state a claim because the Odometer Act does not apply to manufacturers of vehicles when there is no allegation that the manufacturer directly transferred the vehicle to the plaintiff.**

Plaintiff's Complaint does not allege that KMC transferred the Motorcycle to Plaintiff. Rather, Plaintiff admits that he purchased the Motorcycle from State Motorcycles, which is a dealership. Complaint, ¶ 14. Plaintiff alleges instead (incorrectly) that KMC "manufactured" the Motorcycle. Plaintiff has failed to allege any ownership or subsidiary relationship between State Motorcycles and KMC (nor could he do so). This failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's Odometer Act claim. The Odometer Act

---

[5] As discussed in footnote 3 above, Plaintiff's pleaded allegations incorrectly summarize the contents of the letter, which discusses tolerances concerning speedometers, not odometers. Exhibit A.

[6] Plaintiff also makes reference to two statements in the Owner's Manual about the purpose of the odometer and the speedometer (though he fails to allege that these statements related to the accuracy of the odometer). Complaint, ¶¶ 30-31. However, Plaintiff cannot rely on these alleged "statements" as proof of intent to defraud, primarily because Plaintiff has failed to allege that he received such "statements" prior to his purchase of the Motorcycle or that he relied on such "statements" in purchasing the Motorcycle, nor has he alleged that these statements were false.

deals with conduct between a transferor (the dealership here) and a transferee (Plaintiff here), and does not apply to a manufacturer further up the distributive chain (like KMC here).

In *Reiff v. Don Rosen Cadillac-BMW, Inc.*, 501 F. Supp. 77 (E.D. Pa. 1980), a purchaser of a BMW automobile sued the dealership that sold him the automobile and the manufacturer for alleged violations of the Odometer Requirements Act based upon a disconnected odometer. The district court granted the manufacturer's motion to dismiss the plaintiff's Odometer Requirements Act claim, noting, "The complaint may be read to encompass the allegation that the odometer was disconnected or, indeed, never connected, by BMW. But if this occurred, it occurred at some substantial distance up the chain of distribution from [plaintiff's] purchase of the automobile." *Id.* Because of this separation in the distribution chain between BMW and the plaintiff, the court held that the plaintiff's "attempt to state a claim against BMW under the Odometer Requirements Act is insufficient." *Id.*

*Reiff* examined the issue of whether a manufacturer, who did not transfer a vehicle directly to the plaintiff, can be subject to an Odometer Act claim. *Reiff* answered that question with a resounding "no." *Reiff* clearly held that the presence of one or more third parties in the distributive chain between the manufacturer and the plaintiff prevents the plaintiff from asserting an Odometer Act claim against the manufacturer.

Count I of Plaintiff's Complaint is "insufficient" for exactly the same reasons as the plaintiff's complaint in *Reiff*. Plaintiff alleges that KMC installed some device or took some other action to render the odometer in the Motorcycle inaccurate. However, like *Reiff*, Plaintiff alleges that such action was taken by KMC, which is "up the chain of distribution from [his] purchase" of the Motorcycle. Plaintiff, like the plaintiff in *Reiff*, purchased the Motorcycle from a dealership, not directly from the manufacturer. For the same reasons as in *Reiff*, therefore, this distance between KMC and Plaintiff on the distribution chain prevents Plaintiff from asserting a claim against KMC for any alleged conduct related to the odometer. Count I must be dismissed for this reason as well.

**B.     Count II of Plaintiff's Complaint fails to state a claim under § 32703(2) of the Odometer Act.**

Count II purports to state a claim based upon § 32703(2) of the Odometer Act. Section 32703(2) states that a person may not "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the

odometer." 49 U.S.C. § 32703(2). Count II of Plaintiff's Complaint fails to state a claim and should be dismissed because: (a) like Count I, Count II fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred; (b) like Count I, Count II fails to allege that KMC transferred the Motorcycle to Plaintiff; and (c) Count II fails to allege that the odometer on the Motorcycle was inaccurate at the time KMC transferred the Motorcycle.

        **1.**        **Count II fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred.**

Count II fails to state a claim and should be dismissed because, like Count I, Count II fails to allege with any specificity whatsoever that KMC intended to defraud Plaintiff or any facts from which such intent could be inferred. As discussed above, the Odometer Act requires a private plaintiff to prove that a violation of the Act was committed with intent to defraud. *Ioffe*, 414 F.3d at 710; *Robinette*, 483 F. Supp. at 31. This "intent to defraud" must be pled with the same particularity as fraud in other contexts under Rule 9(b) and must set forth the time, place and content of the alleged misrepresentation and the method by which the misrepresentation was communicated. *Id.*; *see also Uni\*Quality*, 974 F.2d at 923.

Count II fails to allege any such specificity, much less any facts from which intent to defraud could be inferred. Like Count I, Count II makes only the bare allegation that KMC acted "with intent … to defraud customers." Complaint, ¶ 59. Count II thus relies on the same alleged representations by KMC discussed in relation to Count I above and likewise fails to allege any specific time, place, content or method of any alleged intent to defraud by KMC. For the same reasons, Count II fails to allege intent to defraud with any specificity whatsoever and should be dismissed as a result.

        **2.**        **Count II fails to allege that KMC transferred the Motorcycle to Plaintiff.**

As discussed above in relation to Count I, Plaintiff's Complaint does not allege that KMC (which he incorrectly claims allegedly manufactured the Motorcycle) transferred the Motorcycle to Plaintiff. Plaintiff instead correctly alleges that Plaintiff purchased the Motorcycle from State Motorcycles. Complaint, ¶ 14. As with Count I, this failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's claim.

The plaintiff's allegations in *Reiff* are very similar to Plaintiff's in Count II. In *Reiff*, the plaintiff alleged that the odometer in the automobile he purchased was not connected, so that it

failed to correctly register the mileage of the vehicle. 501 F. Supp. at 79. However, because the plaintiff there did not purchase the automobile directly from BMW (the manufacturer), but from a dealership, the court granted BMW's motion to dismiss that plaintiff's Odometer Requirements Act claim under § 32703(2). *Id.* at 80.

In the present case, Plaintiff alleges that KMC manufactured the Motorcycle such that its odometer did not properly record its mileage. However, like in *Reiff*, Plaintiff purchased the vehicle at issue from an independent retailer, down the chain of distribution from KMC (or BMW in *Reiff*). Therefore, as in *Reiff*, the alleged conduct, even if it occurred, "occurred at some substantial distance up the chain of distribution from [plaintiff's] purchase of the [vehicle]." *Id.* This separation in the distribution chain rendered the *Reiff* plaintiff's attempt to state a claim "insufficient," and it is similarly fatal to Plaintiff's claims here. Count II should be dismissed as a result.

      **3.**      **Count II fails to allege that the odometer was inaccurate at the time KMC transferred the Motorcycle.**

In order to state a claim under the Odometer Act, a plaintiff must allege that the defendant's intent to defraud related to the mileage stated on the odometer at the time the defendant transferred the vehicle. *Ioffe*, 414 F.3d at 713 ("[W]e see that a requirement that a transferor's fraudulent intent relate to the vehicle's mileage comports with the expressed purposes of the Act and regulations."). Plaintiff has not alleged, and cannot possibly allege, that any action by KMC was intended to fraudulently relate to the vehicle's mileage *at the time Plaintiff purchased the Motorcycle*, because Plaintiff admits that he did not purchase the Motorcycle from KMC, but from State Motorcycles. KMC simply had no motive (which must be considered in connection with "intent to defraud" allegations; *see Beck*, 820 F.2d at 50; and *U.S. v. Simon*, 425 F.2d at 808-10, discussed above) to intend to defraud Plaintiff concerning the mileage stated on the Motorcycle after he had already purchased it and purchased it from the dealership. Yet Plaintiff's only allegations of communications between KMC and Plaintiff possessing any specificity occurred *after* the purchase of the Motorcycle.

Moreover, KMC could not have intended to defraud Plaintiff with respect to the mileage stated on the Motorcycle's odometer at the time Plaintiff purchased it, because Plaintiff purchased the Motorcycle *new* from the dealership. The facts alleged in Plaintiff's Complaint clearly demonstrate that Plaintiff purchased the Motorcycle new: he purchased a model year

2006 motorcycle in 2006 (Complaint, ¶ 18); Plaintiff purchased the Motorcycle from State Motorcycles (*Id.*, ¶ 14); and State Motorcycles completed an "*Assembly* and Preparation Check List" for the Motorcycle prior to Plaintiff's purchase (*Id.*, ¶ 20). By definition, a new vehicle has not yet been driven any measurable distance and, therefore, KMC could not possibly have intended to defraud Plaintiff with respect to an odometer reading that would not yet have registered any mileage.

In *Ioffe*, the plaintiff claimed that the dealership had replaced his vehicle's odometer and had failed to disclose the replacement, but the plaintiff failed to allege that the reading on the odometer was inaccurate at the time he purchased the vehicle. The Seventh Circuit held that the defendant's intent to defraud must relate to the mileage stated on the odometer at the time the defendant transferred the vehicle, and therefore, because the odometer was accurate at the time of transfer, the plaintiff failed to state a claim. *Ioffe*, 414 F.3d at 713. Similarly, in *Witkowski v. Mack Trucks, Inc.*, 712 F.2d 1352, 1353-54 (11th Cir. 1983), the court held that the plaintiff was required to show that the defendant intended to defraud the plaintiff with respect to the reading on the odometer, and the failure to do so was fatal to the plaintiff's claim.

Plaintiff offers only the bare conclusory allegation, unsupported by any facts, that KMC disconnected, reset or altered the odometer on the Motorcycle. However, Plaintiff has failed to allege, and cannot possibly allege, that any such action by KMC was undertaken with an intent to defraud Plaintiff concerning the mileage stated on the Motorcycle's odometer when Plaintiff purchased the motorcycle. Indeed, such allegation would not even make sense, because: (a) KMC did not sell the Motorcycle to Plaintiff, but instead State Motorcycles did; (b) Plaintiff purchased the Motorcycle when it was new from State Motorcycles; and (c) any specific allegations of communications between KMC and Plaintiff occurred after Plaintiff had purchased the Motorcycle, when KMC would have no motive to intend to defraud Plaintiff. Plaintiff has failed to allege that KMC intended to defraud him concerning the mileage stated on the Motorcycle's odometer at the time Plaintiff purchased the Motorcycle, and Count II should be dismissed as a result.

**C.     Count III of Plaintiff's Complaint fails to state a claim under § 32705(a)(1)(A) and (B) of the Odometer Act.**

Count III alleges that KMC violated § 32705(a)(1)(A) and (B) of the Odometer Act. Those sections require a person transferring a motor vehicle to either disclose the cumulative

mileage registered on the odometer to the transferee, or to disclose to the transferee that the actual mileage of the vehicle is unknown, if that is the case. 49 U.S.C. § 32705(a)(1)(A) and (B). Count III fails to state a claim under this section. Specifically, Count III of Plaintiff's Complaint must fail because: (a) Plaintiff has failed to allege that KMC made any disclosure to him concerning the reading on the odometer at the time he purchased the Motorcycle; (b) Plaintiff has failed to allege that any odometer disclosure he received when he purchased the Motorcycle was inaccurate; and (c) Plaintiff has failed to allege with any specificity at all that KMC intended to defraud Plaintiff concerning any odometer disclosure statement at the time he purchased the Motorcycle, or any facts from which intent to defraud could be inferred. Count III should be dismissed for all of these reasons.

        1.        **Count III fails to allege that KMC made any odometer disclosure statement to Plaintiff.**

By its plain terms, § 32705(a)(1) applies to odometer disclosure statements—that is, statements by the transferor of a motor vehicle to the transferee concerning the mileage on the vehicle. And as discussed above, in order to allege a claim under § 32705(a)(1), Plaintiff must allege that KMC violated that section with the intent to defraud Plaintiff. 49 U.S.C. § 32710. Plaintiff has not alleged, and cannot possibly allege, that KMC intended to defraud him concerning some disclosure statement regarding the Motorcycle's odometer, because Plaintiff has not alleged that KMC made any odometer disclosure to him whatsoever.

As summarized above, the only "communications" by KMC to Plaintiff at the time of sale of the Motorcycle concern the Limited Warranty manual and the Motorcycle's Owner's Manual (Plaintiff has alleged no communications between him and KMC before the sale). Plaintiff has not alleged that either of these materials contained any disclosure by KMC concerning the reading on the odometer at the time Plaintiff purchased the Motorcycle. This only stands to reason, because Plaintiff did not purchase the Motorcycle from KMC, but from State Motorcycles. KMC could not possibly make any odometer disclosure statement to Plaintiff when the Motorcycle had been out of KMC's possession when Plaintiff purchased it, nor has Plaintiff cited any authority to show that a manufacturer is under any duty to make an odometer disclosure statement to an individual purchasing the vehicle not from the manufacturer, but from a dealership or party other than the manufacturer.

To suggest that KMC was under some duty to provide an odometer disclosure statement to Plaintiff when it no longer owned or controlled the Motorcycle is simply illogical, and more importantly, is not supported by the Odometer Act. The Odometer Act requires only that a party accurately disclose the odometer reading to the party to whom it is transferring a vehicle. KMC did not transfer the Motorcycle to Plaintiff, nor does Plaintiff allege that KMC made any odometer disclosure statement to him. For these reasons, Count III fails to state a claim.

**2.     Count III fails to state a claim because Plaintiff has failed to allege that he received an inaccurate disclosure concerning the Motorcycle's mileage when he purchased the Motorcycle.**

Count III fails to state a claim for the additional reason that Plaintiff has failed to allege that he received an *inaccurate* odometer disclosure statement when he purchased the Motorcycle (or, for that matter, any disclosure statement at all). In order to state a claim under § 32705(a)(1), a plaintiff must show that he received an inaccurate odometer disclosure statement when he purchased the vehicle. *See*, *e.g.*, *Leslie v. George Thompson Ford, Inc.*, 484 F. Supp. 954, 958 (N.D. Ga. 1979) (plaintiff failed to state claim where there was no proof that the mileage disclosure was false); and *Moss v. Farr Motor Co., Inc.*, 1996 WL 166734 at *2 (6th Cir. 1996) (plaintiff failed to assert claim where there was no proof other than "suspicion" that the odometer reading disclosed to plaintiff was inaccurate).

Plaintiff has simply failed to offer any allegation that he received an inaccurate odometer disclosure statement (from KMC or anyone else) at the time he purchased the Motorcycle. Again, as discussed above, this is not surprising because Plaintiff purchased a new Motorcycle. Plaintiff cannot state a claim under § 32705(a)(1) of the Odometer Act as a result. For this reason as well, Count III should be dismissed.

**3.     Count III fails to state a claim because Plaintiff has failed to allege that KMC intended to defraud Plaintiff concerning any odometer disclosure statement.**

Finally, Count III fails to state a claim because Plaintiff has failed to allege any intent to defraud by KMC in connection with any odometer disclosure statement at the time Plaintiff purchased the Motorcycle or any facts from which intent to defraud could even be inferred. Under the Odometer Act, a plaintiff must allege intent to defraud with regard to the odometer disclosure statement in order to state a claim under the odometer disclosure statement provisions of the Act. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 Fed. Appx. 220, 223 (4th Cir. 2002) (holding that a deviation of three miles between the odometer reading and the odometer

disclosure statement "lacked materiality and was consequently insufficient to show an 'intent to defraud' as required by the statute….").

Plaintiff has failed to show any such intent to defraud here. All specific communications between Plaintiff and KMC occurred *after* Plaintiff had purchased the Motorcycle from the dealership, and therefore, after the time of transfer at which the dealership was required to make an odometer disclosure statement. In addition, Plaintiff has failed to allege that KMC made any odometer disclosure statement to him, that KMC was under any duty to do so, or that any odometer disclosure statement he received was inaccurate. Again, this is because Plaintiff did not purchase the Motorcycle from KMC but purchased it, new, from the dealership.

As a result, Plaintiff cannot possibly show that KMC had any intend to defraud him concerning an odometer disclosure statement when KMC did not sell Plaintiff the Motorcycle and did not make any odometer disclosure statement to him. Because Plaintiff has failed to allege the required intent to defraud with respect to Count III, Count III fails to state a claim and should be dismissed.

## IV.    CONCLUSION

Plaintiff's Complaint fails to state a claim under which relief may be granted. For all of the reasons set forth herein, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint with prejudice, award costs against Plaintiff and in favor of KMC, and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ William R. Bay
Richard A. Mueller, #01981617 (*pro hac vice*)
William R. Bay, #6181670
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000

          rmueller@thompsoncoburn.com
          wbay@thompsoncoburn.com
          cpesce@thompsoncoburn.com
          plawrence@thompsoncoburn.com

          Attorneys for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Jorge Sanchez, Carol Nguyen, DESPRES SCWARTZ & GEOGHEGAN, 77 West Washington Street, Suite 711, Chicago, IL 60602 and Aaron D. Radbil, Gregory H. Moss, Scott M. Cohen, KROHN & MOSS, LTD., 120 West Madison Street, 10th Floor, Chicago, IL 60602

/s/ William R. Bay
Richard A. Mueller, #01981617 (*pro hac vice*)
William R. Bay, #6181670
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
wbay@thompsoncoburn.com

Attorneys for Defendant

OF COUNSEL:
THOMPSON COBURN LLP