**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH BAXTER, on behalf of himself and all others similarly situated. ) ) ) | |
| Plaintiff, ) | Case 07-CV-6745 |
| v. ) | Hon. Judge Hart |
| ) | Magistrate Judge Keys |
| KAWASAKI MOTORS CORPORATION, ) U.S.A. ) ) | |
| Defendant. ) | |

**PROTECTIVE ORDER CONCERNING SUBJECT MOTORCYCLE**

This matter coming before the Court on Defendant, Kawasaki Motors Corporation, U.S.A.'s Motion for Protective Order, all parties having due notice and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

(a) For purposes of this Order, the term "motorcycle" shall be used to describe the 2006 Kawasaki Vulcan Nomad 1600 motorcycle described in Keith Baxter's Complaint and all of its component and packaging parts, whether still attached to the remnants of the motorcycle or not;

(b) For the purpose of this Order, the term "GPS devices" shall be used to describe the two global positioning satellite devices described in Keith Baxter's Complaint and all of their component and packaging parts, whether still attached to the remnants of the GPS device or not.

(c) The terms and conditions of this Protective Order are binding on all parties, their respective legal counsel, experts, insurers, agents and any other entity or person who has control or possession or who in the future will have control or possession of the motorcycle and GPS devices;

(d) Counsel of record shall immediately inform the respective parties, their respective legal counsel, experts, insurers, agents and any other entity or person who has control or

possession or who in the future will have control or possession of the motorcycle and GPS devices, of the entry of this Protective Order and shall provide a copy of this Protective Order to each. No other person or entity shall have access to the motorcycle and GPS devices, other than the attorneys of record, the parties of record, or their respective experts, absent a court order;

(e) This Protective Order bars the altering, modifying, disassembling, changing, destroying, destructive testing, addition of after market accessories or making of any changes to the motorcycle and GPS devices, unless specifically agreed to by the parties per a written protocol, or further court order if the parties cannot reach agreement;

(f) Nothing in this Protective Order shall be deemed to limit the Plaintiff's right to operate said motorcycle if such operation can be done without altering, modifying, disassembling, changing or destroying the motorcycle;

(g) Any party having possession or control of the motorcycle and GPS devices shall allow the parties to this action, their attorneys, and experts to inspect, photograph and conduct non-destructive testing on the motorcycle and GPS devices, at a reasonable date and time to be agreed upon by counsel of record;

(h) By agreement of the parties, or with good cause shown and by first seeking further court approval, a party may seek to take possession of the motorcycle and GPS devices. In the event that one of the parties wishes to take possession of the motorcycle and GPS devices, for inspection or photographing purposes only, counsel for the requesting party shall give all counsel of record fourteen (14) days written notice of their request for possession setting forth the dates that the requesting party shall have possession of the motorcycle and GPS devices. The requesting party is responsible for arranging pick-up of the motorcycle and GPS devices, and for return within thirty (30) days of the motorcycle and GPS devices, to the party who initially had possession of the motorcycle and GPS devices;

(i) Nothing in this Protective Order shall be deemed to limit the number of times a party and their attorneys and experts may inspect, photograph, and/or conduct non-destructive testing of the motorcycle and GPS devices;

(j) Any party, including their respective attorneys, experts, insurers, agents, and any other entity or person who has control or possession or who in the future will have control or possession of the motorcycle and GPS devices, shall preserve the motorcycle and GPS devices in their current condition and shall take the appropriate precautions to prevent the elements of nature to alter the motorcycle and GPS devices in any way. If the possessor and/or controller of the motorcycle and GPS devices does not wish to take the appropriate precautions to preserve the motorcycle and GPS devices in their current condition, said possessor or controller shall notify all parties within seven (7) days of receipt of this Protective Order that the possessor and/or controller will not take the appropriate precautions to preserve the motorcycle and GPS devices in their current condition and shall give the parties an opportunity to seek a court order for the transferring of the motorcycle and GPS devices to a location where the appropriate precautions to preserve

    the motorcycle and GPS devices in its current condition can be undertaken;

(k) This Protective Order shall remain in effect for the pendency of this litigation and apply to all parties added to this litigation after entry of this Protective Order; and

(l) Each requesting party will be solely responsible for compliance with the terms and conditions of this Protective Order by their experts and/or agents.

    ENTER:

    _____
    J U D G E

    Dated: _____

Prepared by:
Jeffrey Singer, Esq.
Misty R. Martin, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, Illinois  60606
(312) 645-7800