IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07C-6745 |
| | ) | |
| v. | ) | Judge William Hart |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KAWASAKI MOTORS CORP., U.S.A.'S REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Kawasaki Motors Corp., U.S.A. ("KMC"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby states as its Reply in Support of its Motion to Dismiss Plaintiff Keith Baxter's ("Plaintiff's") Complaint as follows:

### I.  INTRODUCTION

  The heart of Plaintiff's Complaint is the allegation that the odometer, as designed, reads mileage in excess of the miles actually traveled. Thus, the only pertinent factual allegations assert "shortly after taking possession of his vehicle, Plaintiff became aware that the mileage registered by the odometer . . . was inflated above that actually traveled by his vehicle, by a factor of approximately 10%." Plaintiff's Complaint alleges that this manufacturer's design tolerance violates the Federal Odometer Act. Amended Complaint, ¶¶23-24. Unfortunately for Plaintiff, the statute was not intended to cover such claims of design defect. Rather it was intended to prevent subsequent sellers from altering the odometer reading. Within the manufacturers tolerances, the odometer reading is accepted as true. Were that not the case, it would be a defense under the statute that the subsequent alteration of the odometer made it "more accurate." There is no such defense.

  Setting this point aside, even if the allegations are accepted as true, the Complaint fails to state a cause of action because:

1. The Odometer Act prohibits the alteration or manipulation of the odometer mileage or the installation or sale of some device that would accomplish that purpose. The basis of the Complaint is that the odometer reading itself (the thing that the Act intends to remain "unaltered") is incorrect; other than one allegation of a "device" that is merely

a recitation of the statute's language, Plaintiff's real complaint regards how the odometer records mileage, not a rollback of or other similar tampering with the odometer. The Act simply does not apply to a claim that the odometer itself records mileage differently than Plaintiff believes it should (albeit within the manufacturer's accepted tolerance). It was intended to apply to any effort to alter that odometer reading.

2. Plaintiff has failed to allege that KMC made any odometer statements to him whatsoever that were fraudulent.

3. Plaintiff has failed to allege, and plead with specificity, an "intent to defraud" by KMC, a required element under any Odometer Act claim, nor are there an facts from which such a specific intent can be inferred, and it seems highly unlikely that he can do so because his only communications with KMC occurred after he had already purchased the Motorcycle from a dealership. Nor does the Complaint suggest any plausible reason why this defendant would even be financially motivated to sell motorcycles where the mileage is being over-recorded;

4. The Odometer Act does not apply to KMC's sale of the Motorcycle to a dealer, here State Motorcycle, from whom Plaintiff purchased the Motorcycle; and

5. Plaintiff has failed to allege that the Motorcycle's odometer was inaccurate at the time KMC transferred the Motorcycle to State Motorcycles.

The arguments made in Plaintiff's Response to KMC's Motion to Dismiss ("Plaintiff's Response") do not compel a different result. Plaintiff's Response claims that the Amended Complaint alleges facts sufficient to state causes of action, but the "facts" relied upon are merely regurgitations of the language of the statute. Such verbatim quotations of a statute do not constitute allegations sufficient to state a cause of action.

Plaintiff's Response also argues that Plaintiff is entitled to an inference of intent to defraud to overcome his failure to plead intent to defraud with the required specificity. However, not only has Plaintiff failed to allege facts from which such intent to defraud might be inferred, but the cases relied upon by Plaintiff are completely inapplicable here as those cases apply only where a defendant knew that the odometer reading had been altered or that it was otherwise false at the time the vehicle was sold. Plaintiff has failed to allege that KMC knew that the reading on the Motorcycle's odometer was inaccurate when KMC sold it.

Plaintiff similarly cites inapposite cases to suggest that a manufacturer or its importer distributor might be subject to an Odometer Act claim by a plaintiff some distance down the distribution chain from those parties. Plaintiff's cases discussing privity of contract between a plaintiff and a defendant all apply to *subsequent sellers* who commit fraud with regard to the

odometer reading at the time of sale.  None of those cases hold that a remote manufacturer or its importer distributor can be liable when the mileage was accurate at the time it sold the vehicle.  No case holds that a remote manufacturer or its importer distributor is liable to a subsequent buyer even those the manufacturer did not make any false statement about the mileage.

Plaintiff's other claims are likewise deficient.  Plaintiff claims that KMC violated the section of the Odometer Act prohibiting the inaccurate disclosure of an odometer's reading, yet Plaintiff fails to allege that KMC made any odometer disclosure to him at all, or that KMC was under any duty to issue an odometer disclosure statement to Plaintiff.  Plaintiff also fails to allege that the Motorcycle's odometer was inaccurate at the time KMC sold it, which is required to state an Odometer Act claim.  For all of these reasons, and the reasons stated herein, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III.    ARGUMENT

**A.    Count I of Plaintiff's Complaint fails to state a claim under § 32703(1) of the Odometer Act.**

Count I of Plaintiff's Complaint purports to state a claim under § 32703(1) of the Odometer Act.  Section 32703(1) of the Odometer Act states that a person may not "advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer…."  49 U.S.C. § 32703(1).  Plaintiff fails to state a claim under this section of the Odometer Act.

**1.    Plaintiff's "allegations" do not sufficiently state a cause of action under § 32703(1).**

As an initial matter of plain and ordinary statutory construction, it should be clear that the language of the statute prohibiting the installation of a "device" onto the odometer to make it register mileage different from the actual miles, within the design tolerances of the manufacturer, should make clear that the odometer itself cannot be the "device."  From the standpoint of the Act, the manufacturer's intended mileage reading is accepted as the mileage reading that subsequent buyers and sellers are prohibited from altering.  The intent of the Complaint, asserting as it does, that the odometer itself is not sufficiently accurate, simply falls outside of the intent of the statute.  Plaintiff's only response to these arguments is to rely upon the portions of the Complaint that merely regurgitate the language of the statute.  Drafting a complaint that says

"the statute prohibits x" and "I accuse you of x" does not set forth facts for the Court to conclude that the action falls within the meaning of the statute or not. Paragraphs 23 and 24 do set forth "facts" which make it clear that this case is not covered by the Odometer Act.

It is well settled that a plaintiff has not adequately stated a cause of action when he or she merely recites quotations of statutory language. "Fair notice [pleading] *requires something more than a quotation from a statute*." *In re Hart*, 461 F. Supp. 328, 330 (D. Ark. 1978) (emphasis added) (dismissing complaint because allegations were "merely pleaded in the words of the statute" and provided nothing more specific than "the general language of the statute"); *see also In re Irmen*, 379 B.R. 299, 309 (Bkrtcy. N.D. Ill. 2007), *citing Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (stating that "a quotation from a statute *will not suffice*" to state a cause of action) (emphasis added). Plaintiff's quotations (albeit not using quotation marks to identify where Plaintiff obtained such language) from the statute itself do not constitute adequately pleaded facts sufficient to state a cause of action. To permit a party to get around his obligations of pleading specificity by simply omitting the quotation marks around his language from the statute to the word "device" is to permit form over substance.[1]

Plaintiff's allegations concerning his communications with KMC, which Plaintiff himself alleges occurred *after* his purchase of the Motorcycle, similarly do not sufficiently plead a cause

---

[1] Section 32703(1) applies only to the sale, advertisement or installation of a "device," yet Plaintiff alleges (in Paragraph 23 of the Amended Complaint) that KMC "designed or altered … or directed the design or alteration" of the Motorcycle's odometer. This allegation, referring only to design or alteration of the odometer, does *not* state that KMC sold, advertised or installed a "device." Plaintiff's allegation concerning an alleged "device" is also insufficient because although it uses the term "device" (in a quotation of the statute itself), Plaintiff never identifies a specific device separate from the odometer itself. Section 32703(1) requires the plaintiff to show that the defendant advertised for sale, sold, used or installed "a *device* that *makes* an odometer of a motor vehicle register a mileage different from" the actual mileage, as recorded within the manufacturers tolerances.. 49 U.S.C. § 32703(1) (emphasis added). The terms of the statute indicate that it contemplates a device *separate and apart from* the odometer itself, stating that it applies to a device that "makes" an odometer inaccurate.

In comparison, Plaintiff's Complaint here essentially argues that the odometer itself is making itself inaccurate. Such an interpretation reads the independent "device" requirement right out of the statute. Accordingly, Plaintiff's allegations about KMC's conduct refer only to the installation of the odometer itself by KMC. In order to bypass the "device" requirement Plaintiff relies upon Paragraph 9 of the Amended Complaint, which alleges that KMC "caused … the inflation of" the Motorcycle's mileage "through components, devices, software tables, and electronic mechanisms." As mentioned above, there is no suggestion that these unspecified "tables and electronic mechanisms" are in any way separate from the odometer. The remainder of Plaintiff's allegations concerning KMC's conduct refer only to the design and installation of the odometer itself, not to KMC's installation or application of a device separate and apart from the odometer, as required by the Odometer Act. Nowhere in the Complaint does Plaintiff allege that KMC installed the odometer in the Motorcycle and then installed or applied some separate device to the odometer.

of action. Plaintiff's Response (page 4) quotes Paragraphs 24, 25, 27 and 31 of the Amended Complaint. The communications alleged in these paragraphs, however, occurred after Plaintiff had already purchased the Motorcycle. The Odometer Act "requires a private plaintiff to prove (1) a violation of the Act or a related regulation, and (2) that the violation was committed with intent to defraud." *Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 710 (7th Cir. 2005). These post-sale communications cannot constitute some intent to defraud Plaintiff into purchasing the Motorcycle because Plaintiff had already purchased it. *See*, *e.g.*, *Lantz v. American Honda Motor Co., Inc.*, 2007 WL 1424614 at *5 fn. 3 (stating that communications between plaintiffs and manufacturer of motorcycle occurring after plaintiffs had already purchased motorcycle "cannot form the basis of their fraud claims"); *see also Polycast Technology Corp. v. Uniroyal, Inc.*, 792 F. Supp. 244, 259-60 (S.D.N.Y. 1992) (prospectus received by stock purchaser after purchase could not support fraud claim against seller).

Communications between Plaintiff and KMC allegedly occurring *after* Plaintiff had purchased the Motorcycle similarly cannot constitute the basis of an intent to defraud claim. Moreover, KMC would have no apparent motive for any intent to defraud in relation to a Motorcycle Plaintiff had already purchased. Plaintiff's allegations concerning alleged post-sale communications with KMC are simply irrelevant to prove the requisite intent to defraud and do not sufficiently plead a cause of action under § 32703(1). Moreover, Plaintiff does not claim that these post-sale communications are false, rather Plaintiff claims that these post-sale communications are accurate.

Finally, Plaintiff cites Paragraph 9 of the Amended Complaint, which alleges that KMC "caused … the inflation of the reported mileage" of the Motorcycle through some unspecified component, mechanism or device. Plaintiff's Response, p. 4. However, this vague allegation falls short of the allegations that the Act requires. *See* 49 U.S.C. § 32703(1). As mentioned above, conceptually, these allegations fall outside of the intent of the Act, which accepts as correct the manufacturer's odometer reading (within the manufacturers design tolerances) and prohibits others from altering that number or installing a device to alter that number. 49 U.S.C. § 32703(1). In order to escape this dilemma (that there must be some 'device" other than the odometer itself), Plaintiff has used the vague assertion that KMC "caused" the odometer to record mileage inaccurately "through" some unspecified component, table or mechanism, without in any way suggesting that this unspecified item is in any way separate and apart from

the odometer itself. As a result, none of the "allegations" listed by Plaintiff gives rise to a cause of action under § 32703(1).[2]

### 2. Count I fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred.

The Odometer Act requires that any individual seeking to bring a claim based upon an alleged violation of the Act show that such alleged violation was committed with "intent to defraud." Section 32710 of the Act, which sets forth the requirements for private civil actions under the Odometer Act, states that "[a] person that violates this chapter … *with intent to defraud*" may be liable under the Act's civil remedies. 49 U.S.C. § 32710(a) (emphasis added); *see also Robinette v. Griffith*, 483 F. Supp. 28, 31 (W.D. Va. 1979) (holding only violations of the Act committed "with intent to defraud" are actionable). To state a cause of action under the Odometer Act, the requisite "intent to defraud" must be pled with the same particularity as fraud in other contexts under Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* This particularity requires the plaintiff to allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *see also Capalbo v. Paine Webber, Inc.*, 672 F. Supp. 1048, 1050 (N.D. Ill. 1987) (holding that a complaint alleging fraud is sufficient if it "sets forth the time, place, particular contents of the false representations, the identity of the party making the misrepresentations, and the consequences of the misrepresentations").

The intent of the Act was to prevent people from rolling the mileage backwards or otherwise providing false documentation of the mileage with the hope and intent of thereby increasing the value of the vehicle (presumably because of its lower mileage). Here Plaintiff's allegations are just the opposite: the claim that the mileage is too high rather than too low and that the mileage, in fact, hasn't been altered at all. Here, the mileage has not been altered and the sale documents reflect the same reading as the odometer.

---

[2] Plaintiff argues (Response, at 5-6) that KMC cannot take advantage of the Odometer Act's so-called "safe harbor provision." However, KMC did not raise the safe harbor provision in its motion. Nonetheless, as a part of this argument Plaintiff relies on an attached Exhibit B which appears to be a Department of Commerce publication, which on its face applies only to odometers used in vehicles "for rent or hire" (Ex. B, p. 5-13) like rental trucks and moving vans and is obviously inapplicable here. The tolerances applicable to four wheel vehicles are entirely different from two wheel single track vehicles.

Notwithstanding those difficulties, Count I falls far short of this required level of specificity and, further, fails to allege any facts from which intent to defraud could be inferred at all. Count I makes only the bare allegation that KMC's "conduct … was committed with the intent by Defendant to defraud consumers." Amended Complaint, ¶ 57. The only other alleged communications between Plaintiff and KMC occurred *after* Plaintiff had already purchased the Motorcycle. *See* Amended Complaint, ¶¶ 25-30, discussing communications between Plaintiff and KMC from December 26, 2006 through February 13, 2007, all of which occurred at least six weeks after Plaintiff purchased the Motorcycle on November 9, 2006. As discussed above, these post-sale communications cannot constitute the basis of a claim of intent to defraud.

Plaintiff's Response addresses this failure to specifically plead intent to defraud by arguing (incorrectly) that intent to defraud may be inferred from gross negligence or reckless disregard in Odometer Act cases. Plaintiff's Response, pp. 12-15. However, the cases cited by Plaintiff to support this argument do not apply in the present case, because Plaintiff has failed to allege that KMC knew that the Motorcycle's Odometer was incorrect and outside of the manufacturer's tolerances at the time that it was sold by KMC. Plaintiff has cited not one single case in which a seller of a vehicle accurately reported the mileage, as shown on the original factory odometer, and was held liable for doing so.

For example, in *Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 (7th Cir. 1997), the court noted that intent to defraud may be inferred in some Odometer Act cases but affirmed summary judgment in favor of the defendant because there was "no evidence to suggest that the [defendant] knew or suspected that the 22,600 mile figure was mistaken [at the time the plaintiff purchased the vehicle], much less that it intended to defraud Diersen by providing an inaccurate odometer reading." *See also Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 808 (7th Cir. 1988) and *Delay v. Hearn Ford*, 373 F. Supp. 791, 795 (D. S.C. 1974). Given that the Motorcycle that KMC sold to the dealer was brand new, it seems unlikely that Plaintiff will be able to meet the requirement that the mileage was inaccurate at the time it was sold to the dealer.

Plaintiff has failed to allege that KMC intended to defraud him with regard to the mileage reading on the Motorcycle's odometer *when Plaintiff purchased the Motorcycle*. "[T]he intent necessary under the act must be the intent to defraud as to the material fact at issue, *the mileage of the motor vehicle*. … [P]rivate relief is only available … when a plaintiff has established a defendant's *intent to defraud the plaintiff about the vehicle's mileage*." *Nabors v. Auto Sports*

*Unlimited, Inc.*, 475 F. Supp.2d 646, 652 (E.D. Mich. 2007) (emphasis added).  Plaintiff has failed to allege, nor could he, that KMC intended to defraud Plaintiff with respect to the mileage reading on the Motorcycle at the time Plaintiff purchased the Motorcycle.  First, Plaintiff did not purchase the Motorcycle from KMC.  Second, the Motorcycle was new and therefore there would be no mileage to record.  For all of these reasons, Plaintiff has failed to plead specific facts to show intent to defraud, nor can he possibly do so, and Count I should be dismissed for this reason as well.

> **3.    Count I fails to state a claim because the Odometer Act does not apply to manufacturers of vehicles when there is no allegation that the manufacturer directly transferred the vehicle to the plaintiff.**

Plaintiff admits that he did not purchase the Motorcycle from KMC, but rather from a dealership.  Amended Complaint, ¶ 14.  Plaintiff alleges that Kawasaki Heavy Industries, Ltd. "manufactured" the Motorcycle, with KMC serving as its importer distributor.  This failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's Odometer Act claim.  The Odometer Act deals with conduct between a transferor (the dealership here) and a transferee (Plaintiff here), and does not apply to a manufacturer or its importer distributor further up the distributive chain (like KMC here).  *See Reiff v. Don Rosen Cadillac-BMW, Inc.*, 501 F. Supp. 77, 80 (E.D. Pa. 1980) (holding that the plaintiff's attempt to state a claim against an automobile manufacturer was "insufficient" because the conduct complained of "occurred at some substantial distance up the chain of distribution from [plaintiff's] purchase of the automobile").  As *Reiff* demonstrated, when the defendant of the vehicle at issue is a remote manufacturer, or its importer distributor, there must be privity between the manufacturer or importer distributor defendant and the plaintiff in order to support a claim against the manufacturer.  A subsequent purchaser down the distribution line cannot bring a claim against the such parties.  *See id.*

Plaintiff's Response is silent on *Reiff* and instead incorrectly argues that any seller in the distributive chain, no matter how remote from the plaintiff, may be liable under the Odometer Act.  Plaintiff's Response, pp. 9-10.  Plaintiff's argument is unsupported by the cases cited, none of which involve a defendant that manufactured the vehicle at issue or the manufacturer's importer distributor.  Instead, these cases involve subsequent sellers of used vehicles who (most importantly for the present issue) *made false odometer mileage statements* to the plaintiff.  *See*, *e.g.*, *Ralbovsky v. Lamphere*, 731 F. Supp. 79, 82 (N.D. N.Y. 1990) (stating that "a consumer is

entitled to recover damages under the Act from each transferor in the chain of title *who has made a false mileage statement* with the intent to defraud) (emphasis added); *see also Mataya v. Behm Motors, Inc.*, 409 F. Supp. 65, 67 (D. Wis. 1976) (applying the relaxation of the privity requirement to subsequent sellers). The remainder of Plaintiff's cited cases similarly do not apply here because they involved defendants who were subsequent sellers of used vehicles. *See Steir v. Park Pontiac, Inc.*, 391 F. Supp. 397, 399-400 (S.D. W. Va. 1975) (defendant was subsequent seller of used vehicle who had reason to believe reading on odometer had been rolled back at time it sold vehicle); *Carrasco v. Fiore Enterprises*, 985 F. Supp. 931, 939 (D. Ariz. 1997) (defendants were a subsequent seller of the vehicle at issue and a creditor who made false odometer disclosure statements to plaintiff); and *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, (5th Cir. 1985) (defendants were subsequent seller of used vehicle and made false odometer disclosure statement to plaintiff).

The stated purpose for the rule relaxing the privity requirement in certain circumstances reflects this limitation, stating that "the courts have recognized the intent of Congress to impose an affirmative duty on *dealers* to detect odometer irregularities." *Riverside Lincoln Mercury Sales, Inc. v. Auto Dealers Exchange Co.*, 1987 WL 7280 at *6 (N.D. Ill. 1987); *see also Carrasco*, 985 F. Supp. at 939 (rule relaxing privity requirement is targeted at defendants who know an odometer reading understates the vehicle's mileage but sell the vehicle and falsely represent such alleged mileage as accurate). While privity may not be required in every case, the *Riverside* decision makes clear that what is required in every case is an affirmative, false and fraudulent statement about the then-existing mileage that asserts that the actual mileage is different from what the odometer recorded. There is obviously no such statement here, nor can there be such a statement.

*Reiff* examined the issue of whether a manufacturer, who did not transfer a vehicle directly to the plaintiff, can be subject to an Odometer Act claim. *Reiff* answered that question with a resounding "no." When the defendant is the manufacturer of a new vehicle or (as here) the manufacturer's importer distributor that did not transfer the vehicle directly to the plaintiff, that lack of privity between the parties is fatal to the plaintiff's claim. Plaintiff's claims here must be dismissed as a result.

**B.     Count II of Plaintiff's Complaint fails to state a claim under § 32703(2) of the Odometer Act.**

Count II purports to state a claim based upon § 32703(2) of the Odometer Act. Section 32703(2) states that a person may not "disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). Once again, like in all of the other provisions of the Act, the Act intends to preserve from alteration the manufacturer's intended odometer reading. However, this Complaint alleges the opposite of that and seeks to challenge that reading. In fact, it is the Plaintiff that wants to have that reading altered. If Plaintiff's interpretation of the statute is correct then it should be a defense under the act that a subsequent seller's alteration made it "more accurate," but no such defense exists under the Act. Count II of Plaintiff's Complaint fails to state a claim and should be dismissed because: (a) like Count I, Count II fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred; (b) like Count I, Count II fails to allege that KMC transferred the Motorcycle to Plaintiff; and (c) Count II fails to allege that the odometer on the Motorcycle was inaccurate at the time KMC transferred the Motorcycle.

**1.     Plaintiff's "allegations" do not sufficiently state a cause of action under § 32703(2).**

Like Count I, Plaintiff's "allegations" concerning § 32703(2) listed in Plaintiff's Response amount to nothing more than conclusory verbatim quotations from the statute itself. As with Count I, verbatim recitations of provisions from the statute do not constitute allegations sufficient to support a cause of action under § 32703(2), and Count II should be dismissed as a result. On page 7 of his Response, Plaintiff lists that "facts" which he claims are properly pleaded to allege a violation of § 32703(2). Again, like Count I, these "allegations" are merely verbatim quotations, in whole or in large part, from 49 U.S.C. § 32703(2). As discussed above, a plaintiff cannot merely recites quotations of statutory language to state a cause of action. *See supra*. To state a cause of action under § 32703(2), Plaintiff must allege specific facts to show that KMC "disconnected, reset or altered" the Motorcycle's odometer. Plaintiff's Response instead points to only the Amended Complaint's verbatim recitation of the Odometer Act in an attempt to show such allegations. Plaintiff has failed to state a cause of action in Count II.

### 2. Count II fails to allege intent to defraud with the required specificity and fails to allege any facts from which intent to defraud could be inferred.

The Odometer Act requires a private plaintiff to prove that a violation of the Act was committed with intent to defraud. *Ioffe*, 414 F.3d at 710; *Robinette*, 483 F. Supp. at 31. This "intent to defraud" must be pled with the same particularity as fraud in other contexts under Rule 9(b) and must set forth the time, place and content of the alleged misrepresentation and the method by which the misrepresentation was communicated. *Id.*; *see also Uni*Quality*, 974 F.2d at 923. Plaintiff again attempts to rely on the rule permitting an inference of intent to defraud in Odometer Act cases where a seller knows that an odometer reading is false at the time he or she transfers the vehicle. Those cases do not apply here because Plaintiff has failed to allege or even suggest that KMC knew that the reading on the Motorcycle's odometer was inaccurate at the time KMC sold the Motorcycle. The Motorcycle was brand new at the time it was purchased.

### 3. Count II fails to allege that KMC transferred the Motorcycle to Plaintiff.

As discussed above in relation to Count I, Plaintiff's Complaint does not allege that KMC (which he incorrectly claims allegedly manufactured the Motorcycle) transferred the Motorcycle to Plaintiff. Plaintiff instead correctly alleges that Plaintiff purchased the Motorcycle from State Motorcycles. Complaint, ¶ 14. As discussed in reference to Count I above, under *Reiff*, this failure to allege that KMC transferred the Motorcycle directly to Plaintiff is fatal to Plaintiff's claim. Count II, like Count I, thus fails to state a cause of action because KMC is located up the distribution chain from Plaintiff and did not sell the Motorcycle to Plaintiff.

### 4. Count II fails to allege that the odometer was inaccurate at the time KMC transferred the Motorcycle.

In order to state a claim under the Odometer Act, a plaintiff must allege that the defendant's intent to defraud related to the mileage stated on the odometer at the time the defendant transferred the vehicle. *Ioffe*, 414 F.3d at 713 ("[W]e see that a requirement that a transferor's fraudulent intent relate to the vehicle's mileage comports with the expressed purposes of the Act and regulations."). Plaintiff has not alleged, and cannot possibly allege, that any action by KMC was intended to fraudulently relate to the vehicle's mileage *at the time Plaintiff purchased the Motorcycle*, because Plaintiff admits that he did not purchase the Motorcycle from KMC, but from State Motorcycles.

In *Ioffe*, the plaintiff claimed that the dealership had replaced his vehicle's odometer and had failed to disclose the replacement, but the plaintiff failed to allege that the reading on the

odometer was inaccurate at the time he purchased the vehicle. The Seventh Circuit held that the defendant's intent to defraud *must relate to the mileage stated on the odometer at the time the defendant transferred the vehicle*, and therefore, because the odometer was accurate at the time of transfer, the plaintiff failed to state a claim. *Ioffe*, 414 F.3d at 713. Similarly, in *Witkowski v. Mack Trucks, Inc.*, 712 F.2d 1352, 1353-54 (11th Cir. 1983), the court held that the plaintiff was required to show that the defendant intended to defraud the plaintiff with respect to the reading on the odometer, and the failure to do so was fatal to the plaintiff's claim.

Plaintiff's Response ignores this rule and the cases supporting it. This is not surprising, because the Amended Complaint fails to allege that any action by KMC was undertaken with an intent to defraud Plaintiff *concerning the mileage stated on the Motorcycle's odometer when Plaintiff purchased the Motorcycle*. Indeed, such allegation would not even make sense, because: (a) KMC did not sell the Motorcycle to Plaintiff; (b) Plaintiff purchased the Motorcycle new from a dealer; and (c) the only apparent communications that Plaintiff had with KMC occurred after the sale. At that time KMC would have no incentive to defraud Plaintiff and, to the contrary, Plaintiff claims that the things KMC said to him were true. Count II should be dismissed as a result.

**C.    Count III of Plaintiff's Complaint fails to state a claim under § 32705(a)(1)(A) and (B) of the Odometer Act.**

Count III alleges that KMC violated § 32705(a)(1)(A) and (B) of the Odometer Act. Those sections require a person transferring a motor vehicle to either disclose the cumulative mileage registered on the odometer to the transferee, or to disclose to the transferee that the actual mileage of the vehicle is unknown, if that is the case. 49 U.S.C. § 32705(a)(1)(A) and (B). Count III fails to state a claim under this section. Specifically, Count III of Plaintiff's Complaint must fail because: (a) Plaintiff has failed to allege that KMC made any disclosure to him concerning the reading on the odometer at the time he purchased the Motorcycle; (b) Plaintiff has failed to allege that any odometer disclosure he received when he purchased the Motorcycle was inaccurate; and (c) Plaintiff has failed to allege with any specificity at all that KMC intended to defraud Plaintiff concerning any odometer disclosure statement at the time he purchased the Motorcycle, or any facts from which intent to defraud could be inferred. Count III should be dismissed for all of these reasons.

**1.    Count III fails to allege sufficient to state a cause of action under § 32705(a)(1)(A) or (B).**

By its plain terms, § 32705(a)(1)(A) applies to affirmative odometer disclosure statements—that is, statements by the transferor of a motor vehicle to the transferee concerning the mileage on the vehicle.  As with any other Odometer Act claim, in order to allege a claim under § 32705(a)(1)(A), Plaintiff must allege that KMC violated that section with the intent to defraud Plaintiff.  49 U.S.C. § 32710.  Plaintiff has not alleged, and cannot possibly allege, that KMC intended to defraud him concerning some disclosure statement regarding the Motorcycle's odometer, because Plaintiff has not alleged that KMC made any odometer disclosure to him whatsoever.  Plaintiff has not alleged that any of the materials he alleges he received prior to his purchase of the Motorcycle contained any disclosure by KMC concerning the reading on the odometer.  This only stands to reason, because Plaintiff did not purchase the Motorcycle from KMC, but from States Motorcycles.  Plaintiff has thus failed to state a cause of action under § 32705(a)(1)(A).

Subsequent to the filing of KMC's Motion to Dismiss, Plaintiff sought to amend the allegations to assert the new claim that KMC failed to issue an odometer statement to Plaintiff (Paragraphs 28-29).  In doing so, Plaintiff apparently attempted to amend the Complaint to state a cause of action under § 32705(a)(1)(B).  However, Plaintiff has failed to cite any case or statutory provision to argue that KMC is liable for failing to provide an odometer disclosure statement to any party other than that to which it transferred the Motorcycle.

Such a rule would be nonsensical.  Requiring KMC to provide odometer disclosure statements to every subsequent transferee of the Motorcycle would mean that KMC would have to affirmatively discover the identity of each person intending to purchase a vehicle from any dealer in the United States and then it would have to independently verify the then-existing mileage on each such motorcycle, prior to the time that the customer acquires it.  Not only would that place an impossible burden on all vehicle manufacturers in the United States, but there is nothing in the Act that in any way suggests that a manufacturer has such an obligation.

2. **Count III fails to state a claim because Plaintiff has failed to allege that KMC intended to defraud Plaintiff concerning any odometer disclosure statement.**

Count III fails to state a claim for the additional reason that Plaintiff has failed to allege any intent to defraud by KMC in connection with any odometer disclosure statement at the time Plaintiff purchased the Motorcycle, or any facts from which intent to defraud could even be inferred.  Under the Odometer Act, a plaintiff must allege intent to defraud *with regard to the*

*odometer disclosure statement* in order to state a claim under the odometer disclosure statement provisions of the Act. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 Fed. Appx. 220, 223 (4th Cir. 2002) (holding that a deviation of three miles between the odometer reading and the odometer disclosure statement "lacked materiality and was consequently insufficient to show an 'intent to defraud' as required by the statute….").

## IV.   CONCLUSION

Plaintiff's Complaint fails to state a claim under which relief may be granted. For all of the reasons set forth herein, and in its Motion to Dismiss and Memorandum in Support, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint with prejudice, award costs against Plaintiff and in favor of KMC, and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Jeffrey Singer
Jeffery Singer
Misty R. Martin
SEGAL McCAMBRIDGE SINGER & MAHONEY LTD.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
Fax: (312) 645-7711

Richard A. Mueller, #01981617 (*pro hac vice*)
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Jorge Sanchez, Carol Nguyen, DESPRES SCWARTZ & GEOGHEGAN, 77 West Washington Street, Suite 711, Chicago, IL 60602 and Aaron D. Radbil, Gregory H. Moss, Scott M. Cohen, KROHN & MOSS, LTD., 120 West Madison Street, 10th Floor, Chicago, IL 60602

/s/ Misty R. Martin
Jeffery Singer
Misty R. Martin
SEGAL McCAMBRIDGE SINGER & MAHONEY LTD.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
Fax: (312) 645-7711

Richard A. Mueller, #01981617 (*pro hac vice*)
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant