*IN THE UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF TEXAS*
*MARSHALL DIVISION*

| | | |
|---|---|---|
| KAREN VAUGHN, Individually & on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2-04CV-142 (TJW) |
| (1) AMERICAN HONDA MOTOR CO., INC., (2) HONDA MOTOR CO., LTD. (3) NIPPON SEIKI CO., LTD. and (4) NEW SABINA INDUSTRIES, INC., | § § § § § § § | |
| Defendants. | § § § § | |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, KAREN VAUGHN, Individually and on Behalf of All Others Similarly Situated, and files this, her First Amended Class Action Complaint, and, in support thereof, would respectfully show unto the Court as follows:

I.

## PARTIES

1.    KAREN VAUGHN is an individual residing in the Eastern District of Texas.

2.   AMERICAN HONDA MOTOR CO., INC. is a California corporation with its principal place of business in Torrance, California.  Defendant may be served through its registered agent, CT Corp. System, at 350 North St. Paul Street, Dallas, Texas 90501-2746.

3.   HONDA MOTOR COMPANY, LTD. is a Japanese corporation with its principal place of business in Tokyo, Japan.

4.   NIPPON SEIKI COMPANY, LTD. is a Japanese company with its principal place of business in Nagaoka, Japan.  Plaintiff has requested a waiver of service from this defendant.

5.   NEW SABINA INDUSTRIES, INC. is a foreign corporation with its principal place of business located in New Sabina, Ohio.  Plaintiff has requested a waiver of service from this defendant.

II.

JURISDICTION & VENUE

6.   This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.  Jurisdiction is further proper under 28 U.S.C. § 1332 in that all parties are residents of different states and/or foreign states and the amount in controversy exceeds $75,000.00.

7.    Venue is proper in the Eastern District of Texas in that Plaintiff is a resident of the Eastern District of Texas, Plaintiff purchased the vehicle in question in the Eastern District of Texas and the breach of warranty and statutory violations of which Plaintiff complains all occurred in the Eastern District of Texas.

8.    Because venue is proper in the Eastern District of Texas, Plaintiff may maintain her suit in any division of the Eastern District of Texas. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000).

III.

FACTUAL BACKGROUND

9.    On or about May 1, 2002 in Longview, Gregg County, Texas, KAREN VAUGHN purchased a 2002 year model Honda Odyssey minivan designed, manufactured and marketed by AMERICAN HONDA MOTOR CO. INC. and/or HONDA MOTOR COMPANY LTD. (collectively "HONDA").

10.    KAREN VAUGHN further purchased from HONDA a basic warranty against all manufacturing defects for a period of three (3) years or thirty-six thousand (36,000) miles (the "Basic Warranty") and a warranty against manufacturing defects in certain components for eight (8) years or eighty thousand (80,000) miles (the "Component Warranty"). HONDA further covenanted with KAREN VAUGHN that all genuine Honda parts purchased from and installed by a Honda dealer would be free of defects for not less than one (1) year or twelve thousand (12,000) miles (the "Parts Warranty").

3

11.    The vehicle included an odometer unit designed, manufactured and assembled by NIPPON SEIKI COMPANY, LTD., NEW SABINA INDUSTRIES, INC. and/or HONDA.

12.    In connection with the sale of the vehicle and its warranties, HONDA impliedly warranted to KAREN VAUGHN that the vehicle's odometer would accurately record the miles actually driven by the vehicle.

13.    In truth, and without KAREN VAUGHN's knowledge, HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. had purposefully designed the vehicle's odometer to inflate the mileage driven by the vehicle by a factor of not less than 2.0%. In fact, under certain conditions, the inflation factor may rise as high as 4%.

14.    As a result of this defect, HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. have demonstrably deprived KAREN VAUGHN and the members of the proposed class of the benefit of their bargain. In particular, neither KAREN VAUGHN nor the members of the proposed class will in fact receive the thirty six thousand (36,000) mile Basic Warranty, the eighty thousand (80,000) mile Component Warranty or the twelve thousand (12,000) mile Parts Warranty for which they paid good and valuable consideration.

15.    Already, this scheme by HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. has deprived KAREN VAUGHN of approximately nine hundred (900) miles of her Basic Warranty and, ultimately, will shorten the Component Warranty by at least two thousand (2,000) miles. Likewise, HONDA will

4

reduce the effective period of each class member's warranties over the lifetime of their vehicles.

16.   Unabated, HONDA will deprive the American consumers of the past four years of more than five hundred million (500,000,000) Basic Warranty miles, one billion two hundred million (1,200,000,000) Component Warranty miles, and as many as one million, nine hundred twenty thousand (1,920,000) Parts Warranty miles.  HONDA has thus been unjustly enriched at the expense of American consumers.

17.   Moreover, the inflated mileage registered by KAREN VAUGHN's odometer decreases the market value of her vehicle daily.

IV.

CLASS ACTION ALLEGATIONS

18.   KAREN VAUGHN brings this action on behalf of herself and all others similarly situated.  Specifically, the class KAREN VAUGHN seeks to represent includes

All persons and entities who/which purchased, leased or otherwise acquired from HONDA anywhere in the United States of America a 1999-2004 model year Honda Odyssey minivan since April 1, 2000.

The proposed class specifically excludes the United States of America, the State of Texas, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

19. KAREN VAUGHN would show the Court that individual joinder of the members of the proposed class is patently impractical. Fed. R. Civ. P. 23(a)(1). While the exact number of class members is presently known only to HONDA, KAREN VAUGHN alleges that the class includes hundreds of thousands of individuals and entities. From 1999 through 2003, for example, HONDA sold more than six hundred forty thousand (640,000) Odyssey minivans in the United States. The identity and location of these individuals is known only to HONDA at this time. For all these reasons, individual joinder is patently impractical.

20. *KAREN VAUGHN* would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. Fed. R. Civ. P. 23(a)(2). These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to, the following:

   a.   The existence of an identical product defect in the vehicles at issue;

   b.   The merchantability of the vehicles containing the defective odometers;

   c.   The measure of actual damages;

   d.   The availability of statutory penalties; and

   e.   Attorney's fees and costs.

21. *KAREN VAUGHN* would further show the Court that her claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). *KAREN VAUGHN* possesses the same interests and has suffered the same injuries as the unnamed class members. She asserts identical claims and seeks identical relief on behalf of the unnamed class members. In particular, *KAREN*

*VAUGHN* purchased a 2002 year model Honda Odyssey minivan containing an odometer which failed accurately to record the number of miles driven by the vehicle. *KAREN VAUGHN* alleges that *HONDA* has breached the implied warranty of merchantability and deprived her of the benefit of her bargain. She further alleges that *HONDA,* NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. have violated 49 U.S.C. § 32703 with the intent to defraud American consumers. She seeks damages in an amount sufficient to restore to her the benefit of her bargain, treble damages, statutory penalties, attorneys fees and costs.

22.    KAREN VAUGHN would further show the Court that she will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). As evidenced by the filing of this complaint, KAREN VAUGHN will vigorously pursue the interests of the class. Moreover, there is no antagonism or conflict of interest between the interests of KAREN VAUGHN and those of the unnamed class members. Finally, KAREN VAUGHN has retained competent counsel to pursue the interests of the class.

23.    KAREN VAUGHN would further show the Court that this case is maintainable as a class action under Rule 23(b)(3), Fed. R. Civ. P. In particular, KAREN VAUGHN would show the Court that issues of fact and law common to the class predominate over those affecting only individual members and that a class action is a superior means of resolving this dispute. Fed. R. Civ. P. 23(b)(3). The common issues of law and fact include, but are not limited to, the following:

a.    The identical product defect in the vehicles at issue;

b.    The merchantability of the vehicles containing the defective odometers;

c. The measure of actual damages;

d. The availability of statutory penalties; and

e. Attorney's fees and costs.

24. Further, the prosecution of individual actions by hundreds of thousands of Honda owners and lessees would unduly burden the courts and the litigants. Given the relatively small cost necessary to repair or replace the defective odometer, it is unreasonable to require or expect class members to litigate their claims individually. Prosecution of this case as a class action, by contrast, conserves the resources of the parties and the courts and allows for a fair and efficient resolution of this dispute.

### *V.*

### *CAUSES OF ACTION*

### *A.*

25. **KAREN VAUGHN** would show the Court that the conduct of **HONDA,** NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. described above violates the federal prohibition of odometer tampering as set forth in 49 U.S.C. §§ 32703(1)-(2), 32710 (the "Act"). In particular, **KAREN VAUGHN** would show the Court that **HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC.** have violated the Act in the following manner(s):

a. Advertising for sale, selling, using, installing or having installed a software device which causes the odometer of the Honda Odyssey to register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer; and/or

b. Altering or having altered the odometer of the Honda Odyssey intending to change the mileage registered by the odometer.

26.   ***KAREN VAUGHN*** alleges that the conduct of ***HONDA,*** NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. in designing, manufacturing and marketing the vehicles with the altered odometer was committed with the intent to defraud American consumers and deprive them of the benefit of their bargain.

27.   KAREN VAUGHN would show the Court that HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. have had actual notice of the existence of the odometer alteration throughout the proposed class period and have consciously elected not to notify the American consumers or voluntarily to recall the vehicles in question.

B.

28.   KAREN VAUGHN would further show the Court that the odometer designed, manufactured and marketed by HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. so impaired the value and usefulness of the vehicles as to breach the implied warranty of merchantability made by HONDA to all members of the proposed class.

29.   In particular, KAREN VAUGHN would show the Court that Defendants' alterations to the odometer and/or the software device accelerate the mileage of each vehicle by a factor greater than 2.0 % causing the odometer of the Honda Odyssey to register a mileage different from the mileage the vehicle was driven.  As a result, each member of the proposed class has been demonstrably deprived of the benefit of their bargain.

30. By way of example, each member of the proposed class has been (or will be) deprived of at least nine hundred (900) Basic Warranty miles and three hundred (300) Parts Warranty miles.  Unabated, HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. will further deprive each of these consumers of not less than two thousand (2,000) Component Warranty miles over the life of the vehicle.

VI.

DAMAGES

31. For herself and on behalf of the entire class, KAREN VAUGHN seeks actual damages sufficient to restore to these consumers the benefit of their bargain.

32. Further, because the conduct of HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC. described above was committed with the intent to defraud American consumers, KAREN VAUGHN would show the Court that she (and the class) are entitled to recover treble her (their) actual damages together with reasonable attorneys' fees and all costs of court.   49 U.S.C. § 32710.

33. In the event that such actual damages are less than $500.00 (U.S.) per vehicle, KAREN VAUGHN seeks for herself and the class a statutory penalty of $1,500.00 (U.S.) pursuant to 49 U.S.C. § 32710 for each such defective vehicle delivered in this country in the last two years.

WHEREFORE, PREMISES CONSIDERED, KAREN VAUGHN, Individually and as representative of the Plaintiff class, respectfully prays that upon final trial of this cause, Plaintiff obtain Judgment as follows:

1.      Certifying this case as a class action and appointing KAREN VAUGHN and her Counsel to represent the interests of the class;

2.      Adjudging that HONDA breached the implied warranty of merchantability to KAREN VAUGHN and to each member of the Plaintiff class;

3.      Adjudging that HONDA, *NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC.* violated the federal prohibition of odometer tampering and that they did so with the intent to defraud American consumers;

4.      Awarding *KAREN VAUGHN* (and the class) her (their) actual damages in an amount sufficient to restore to her (them) the benefit of her (their) bargain;

5.      Awarding *KAREN VAUGHN* (and the class) treble her (their) actual damages or not less than $1,500.00 (U.S.) for each defective vehicle delivered in this country in the last two years;

6.      Awarding *KAREN VAUGHN* (and the class) her (their) reasonable attorneys' fees incurred at trial and, if necessary, on appeal;

7.      Taxing all costs of Court and the expenses of maintaining this suit (including class member notification expenses) against *HONDA, NIPPON SEIKI COMPANY, LTD., and/or NEW SABINA INDUSTRIES, INC.*; and

8.      Awarding *KAREN VAUGHN* (and the class) all pre-judgment and post-judgment interest as may be allowed under law at the highest respective lawful rates.

*KAREN VAUGHN* further prays for all other relief to which she or the class may be justly entitled.

Respectfully submitted,


_____/s/_____
James A. Holmes (attorney in charge)
Texas Bar No. 00784290

***WELLBORN ✶ HOUSTON, L.L.P.***

P.O. BOX 1109
HENDERSON, TX  75653-1109
(903) 657-8544
(903) 657-7227 (fax)
jh@wellbornhouston.com


*OF COUNSEL:*

R. Stephen Woodfin
Texas Bar No. 21930400

LAW OFFICE OF STEPHEN WOODFIN

1012 HOUSTON
KILGORE, TEXAS 75663
(903) 984-0518
(903) 984-2574 (fax)
stephenwoodfin@sydcom.net

Jay Kutchka
Arkansas Bar No. 96010

JONES, JACKSON & MOLL, P.L.C.

401 NORTH 7TH STREET
FORT SMITH, ARKANSAS 72902-2023
(479) 782-7203
(479) 782-9460 (fax)
jkutchka@jjmlaw.com


David B. Miller
Texas Bar No. 00788057

BELL, NUNNALLY & MARTIN, L.L.P.

3232 McKINNEY AVENUE
DALLAS, TEXAS 75204
(214) 740-1415
(214) 740-1499 (fax)
DavidM@bellnunnally.com

ATTORNEYS FOR THE PLAINTIFF CLASS

<u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Plaintiff's First Amended Class Action Complaint has been served upon Defendants, AMERICAN HONDA MOTOR CO. , INC. & HONDA MOTOR CO., LTD. by and through their attorneys, Mr. S. Calvin Capshaw, Brown McCarroll, L.L.P.,,P. O. Box 3999, Longview, Texas 75606; and, Mr. Brian C. Anderson, O'Melveny & Myers LLP, 1625 Eye Street NW, Washington, DC 20006 via the electronic case filing system for the United States District Court for the Eastern District of Texas on this, the 13th of October 2005.

_____/s/_____
James A. Holmes
