IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
|    Plaintiff, on behalf of himself and | ) | |
|    all others similarly situated, | ) | |
| | ) | JURY DEMANDED |
| | ) | |
|    v. | ) | No. 07 C 6745 |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | |
| and KAWASAKI HEAVY INDUSTRIES, LTD. | ) | Judge: William Hart |
| | ) | |
|    Defendants. | ) | Magistrate: Arlander Keys |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Keith Baxter, by his undersigned counsel respectfully moves pursuant to Rule 15(a) F.R.Civ.P. that this Court grant him leave to file a Second Amended Complaint (Proposed Second Amended Complaint attached as Exhibit A), for the purpose of curing any perceived deficiencies in his First Amended Complaint. While plaintiff felt that he had adequately pleaded violations of the Federal Odometer Act in the previously filed complaints, in order to cure any inartful or ambiguous pleading, plaintiff seeks permission to file a Second Amended Complaint to dispel any questions about what the basis and theory of his case are.  The Amendment should be granted because:(1) the new complaint only adds more specificity and clarity to previous claims and neither seeks to add new claims or any new parties; (2) defendants currently in the case would not be prejudiced by this amendment as the basis for the Court's ruling was not a basis for dismissal raised by the defendants; (3) both defendants have been on notice of the existence and pendency of the suit and have participated in it.

Rule 15(a)(2) states that a plaintiff must seek leave of the court before filing an amended complaint and that. "[t]he court should freely give leave when justice so requires." The Seventh Circuit in <u>Clark v. Universal Builders</u>, 501 F.2d 324 (1974), affirmed a trial court's decision to allow plaintiffs to amend their complaint <u>one month</u> before the scheduled commencement of trial and four months before the trial actually began. The court stated that "absent a showing of prejudice, a mere delay in the commencement of the action should not ordinarily operate to preclude a motion to amend the complaint." *See also:* <u>Howze v. Jones & Laughlin Steel Corp.</u>, 750 F.2d 1208, 1212 (3rd Cir. 1984) (". . .the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed.")

Unlike the facts in <u>Clark</u>, this case is at a very preliminary stage. Initial disclosures have been exchanged and a protective order has been in negotiation, but no substantive discovery has yet taken place. Here defendant raised certain arguments which were apparently unavailing towards its dismissal, and the Court ruled on different bases than those raised by defendants to dismiss the complaint. Nevertheless, the Court otherwise ruled that plaintiff has properly alleged fraud. Where, as here, the basis of the Court's dismissal is based on interpretation of plaintiff's complaint that is not what the plaintiff intended (see Plaintiff's Motion for Reconsideration) it is not prejudicial and is reasonable to allow the plaintiff to clarify his original intent by curing any perceived defects.

Courts have also allowed amendments where the claims sought to be added are so closely related to the original claims that the amendment would not surprise, prejudice or delay the action. In <u>Patterson v. P.H.P. Healthcare Corp</u>, 90 F. 3d 927 (5th Cir. 1996),

the Fifth Circuit allowed a plaintiff to amend his complaint where he sought to add a hostile work environment claim to his §1981 intentional discrimination claim. The court found that "the hostile work environment claim is not so different from his [plaintiff's] intentional discrimination claim so as to surprise . . .[defendants] . . . and prejudice their defense." In the present case, there are no new counts or theories to be added -- just more specificity as to what the counts and theories are. Defendants have already been sufficiently apprised of the nature of the claims against them and this amendment should neither surprise nor prejudice them. For all of the foregoing reasons, the Court should grant leave to plaintiff to file a Second Amended Complaint.

                                                        Respectfully Submitted,

                                      By:   /s/ Jorge Sanchez
                                            One of Plaintiff's Attorneys

| | |
|---|---|
| Jorge Sanchez | Aaron D. Radbil |
| Carol Nguyen | Gregory H. Moss |
| Thomas Geoghegan | Scott M. Cohen |
| DESPRES SCHWARTZ & GEOGHEGAN | KROHN & MOSS, LTD. |
| 77 West Washington Street | 120 West Madison Street |
| Suite 711 | 10th Floor |
| Chicago, IL 60602 | Chicago, IL 60602 |
| (312) 372-7391 | (312) 578-9428 |

**CERTIFICATE OF SERVICE**

I, Jorge Sanchez, hereby certify that true and correct copies of the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint and Plaintiff's Motion to Reconsider Court's Order Dismissing Plaintiff's Amended Complaint, with attachments, were served upon all counsel of record by electronic filing on July 31, 2008.

    /s/ Jorge Sanchez