**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
| Plaintiff, on behalf of himself and | ) | |
| all others similarly situated, | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| v. | ) | No. 07 C 6745 |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | |
| and KAWASAKI HEAVY INDUSTRIES, LTD., | ) | |
| and DOES 1-3 | ) | Judge: William Hart |
| | ) | |
| Defendant. | ) | Magistrate: Arlander Keys |

**PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

**NATURE OF ACTION**

1.      This is a class action brought on behalf of all consumers subjected to Defendant, Kawasaki Heavy Industries, Ltd ("KHI"), Defendant, Kawasaki Motor Corporation, U.S.A.'s ("KMC"), and Defendants, ("DOES") whose identity is currently unknown, (collectively referred to as "Defendants"), scheme to tamper with motor vehicle odometers.  Defendants' practice of tampering with motor vehicle odometers directly contravenes congressional safeguards established to protect purchasers in the sale of motor vehicles specific to odometer alteration.  This suit alleges violations of 49 U.S.C. §32701 et. seq., ("Odometer Act"), which undermine congressional efforts to ensure good faith dealing in the automotive industry.

2.      In drafting legislation prohibiting alteration of motor vehicle odometers, or direction thereof, installation, sale, or use of devices intended to alter motor vehicle odometers, or the direction thereof, and related disclosure requirements, Congress expressly found that

buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle; that buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of a vehicle, and; that an accurate indication of the mileage of a vehicle assists a buyer in deciding on the safety and reliability of the vehicle. In thirty plus years since passage of the Odometer Act, courts have unanimously recognized such purposes.

3.     Just as the unscrupulous mechanic who rolls back a single odometer with a screwdriver is subject to liability under the Odometer Act, so is a sophisticated manufacturer, installer, advertiser, and seller of thousands, if not hundreds of thousands of motor vehicles equipped with altered components, devices, software tables, and electronic mechanisms, specific to odometers produced en masse. The sophistication of odometers, and their tamperers alike, cannot serve to circumvent the purposes of the Odometer Act.

4.     Defendants have engaged in, with the intent to defraud, acts which constitute advertising for the sale, sale, use, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

5.     Defendants have engaged in, with the intent to defraud, acts which constitute disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

6.     Defendants have engaged in, with the intent to defraud, acts which constitute transferring ownership of a motor vehicle without providing to the transferee disclosure of the cumulative mileage registered on the odometer, or disclosure that the actual mileage is unknown where the transferor knows that the odometer reading is different from the number of miles the vehicle actually traveled.

7.    Defendants have acted in manner tantamount to failure and refusal to correct the condition of the odometer as altered by Defendants, or direction thereof, and as advertised, sold, used, installed by Defendants, or direction thereof, as well as vehicles of all those included in the subject class.

8.    Defendants have demonstrably deprived Plaintiff, and all those included in the subject class, of the benefit of their bargain.

9.    Defendants altered, or directed the alteration or the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer of Plaintiff's vehicle. Defendants have fashioned a pattern and practice of intentionally altering vehicle odometers so as to consistently overstate the mileage in favor of Defendants and to the detriment of consumers.

10.    Defendants advertised for the sale, sold, used, installed, or had installed components, software, and electronic mechanisms that make the odometer of Plaintiff's vehicle register a mileage different from the mileage Plaintiff's vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

11.    As a result of the far-reaching effect of Defendants' commonplace scheme, in addition to the harm caused by Defendants' deceptive practice, the design, manufacture, advertisement, and sale of aftermarket parts, created to remedy the altered odometers, is prevalent.   Neither astonishing, nor unanticipated, Defendants do not condone the use of aftermarket parts to correct altered odometers.   Defendants assert that installation of aftermarket parts to correct defective and altered odometers eliminates the possibility of further warranty coverage.

12.    In enacting the Odometer Act, Congress sought to establish a national policy against odometer tampering, and prevent consumers from being victimized by such abuses. Courts have observed that the Odometer Act was enacted to give purchasers of motor vehicles a reliable index of the vehicle's condition, value, safety, and reliability, and to protect the public from common, ordinary dishonesty.  Violations of the Odometer Act are actionable by any injured member of the public, such as Plaintiff and all those included in the subject class, for whose benefit the statute was enacted.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.

14.    Venue is proper in the Northern District of Illinois for the reason that Defendants reside in the State of Illinois.  In particular, Defendants are subject to personal jurisdiction in the state of Illinois, and Defendants' contacts would be sufficient to subject them to personal jurisdiction in the Northern District of Illinois if the Northern District of Illinois were a separate State.

## PARTIES

15.    Plaintiff, KEITH BAXTER, is a resident of Mount Juliet, Tennessee.  Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, manufactured, designed, and marketed by Defendant, for valuable consideration, from State Motorcycles in Peninsula, Ohio.

16.    Defendant, KAWASAKI HEAVY INDUSTRIES, LTD., is a foreign corporation, and is engaged in the manufacture, sale, advertisement, and/or distribution of motor vehicles and related equipment that are disseminated in the Northern District for the State of Illinois.

4

17.     Defendant, KAWASAKI MOTORS CORP., U.S.A., is a foreign corporation authorized to do business in the State of Illinois, and is engaged in the sale, advertisement, and/or distribution of motor vehicles and related equipment and services in the Northern District for the State of Illinois.

18.     Defendants, DOES, whose identities are unknown, are entities engaged in the manufacture, sale, advertisement, and/or distribution of equipment related to motor vehicles that are disseminated in the Northern District for the State of Illinois.

## BACKGROUND TO CLASS PERIOD

19.     At the time Congress enacted the Odometer Act, some seventeen (17) states had enacted legislation to curb the practice of tampering with odometers, but states without such legislation had found this practice on the increase, especially when a neighboring state had an odometer law.

20.     By prohibiting the tampering of odometers on motor vehicles, and by establishing safeguards for the protection of those persons who purchase vehicles having altered or tampered odometers, Congress believed the Odometer Act would establish a national policy against odometer tampering and prevent consumers from being victimized by such abuses.   The legislative intent expressed in the Odometer Act emphasizes the purchasers' reliance on odometer information, and although the Odometer Act does not rely exclusively on private actions by individual consumers for its enforcement, it clearly, like the Truth in Lending Act, contemplates actions by private attorneys general as a substantial enforcement tool.

## FACTUAL ALLEGATIONS

21.    On or about November 9, 2006, Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600 ("Vulcan"), Vehicle Identification No. JKBVNKG166A000711, manufactured, designed, and marketed by Defendants, for valuable consideration.

22.    The purchase price of the Vulcan, including registration charges, document fees and sales tax, but excluding collateral charges, such as bank and finance charges, totaled more than $10,600.00.

23.    Prior to Plaintiff's purchase of his vehicle, Defendants' authorized dealership completed a "Kawasaki Assembly and Preparation Check List."  The completed Kawasaki Assembly and Preparation Check List includes the language: "I hereby certify that prior to delivery to the first retail purchaser, assembly and preparation servicing was performed on the vehicle listed below in accordance with the following check list, and in compliance with the established procedures prescribed by Kawasaki."  The completed Kawasaki Assembly and Preparation Check List further includes a section titled "Test Drive Check List."  The Test Drive Check List section includes a check-marked box reading: "Instruments – check operation."

24.    In consideration for the purchase of the Vulcan, KMC issued and supplied to Plaintiff its written warranty which includes two (2) year coverage, as well as other warranties fully outlined in KMC's Limited Warranty booklet.  KMC, among other warranties fully outlined in KMC's Limited Warranty booklet, warranted that for a period of twenty-four (24) months from the date of initial retail purchase from one of Defendants' authorized dealerships that Plaintiff's vehicle would be free, under normal use and maintenance, from any defect in material and workmanship subject to the certain conditions, exclusions, obligations and limitations.

25.    KHI altered, or had altered, the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer.

26.    KMC altered, or had altered, the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer.

27    DOES altered, or had altered, the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer.

28.    KHI altered, or had altered, the odometer of Plaintiff's vehicle by way of components, software, and electronic and digital mechanisms, changing the odometer from an instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

29.    KMC altered, or had altered, the odometer of Plaintiff's vehicle by way of components, software, and electronic and digital mechanisms, changing the odometer from an instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

30.    DOES altered, or had altered, the odometer of Plaintiff's vehicle by way of components, software, and electronic and digital mechanisms, changing the odometer from an instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

31.    KHI advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

32.    KMC advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

33.     DOES advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

34.     KHI installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

35.     KMC installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

36.     DOES installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

37.     Shortly after taking possession of his vehicle, Plaintiff became aware that the mileage registered by the odometer of his vehicle was inflated, above that actually traveled by his vehicle, by a factor of approximately ten (10) percent.

38.     On December 26, 2006, Plaintiff contacted KMC informing Defendant that the odometer of his vehicle did not show the total distance in kilometers (miles) that his vehicle has been ridden, but rather inflated the mileage actually traveled by a factor of approximately ten

(10) percent.  In response to Plaintiff's December 26, 2006 notice, KMC informed Plaintiff of the following:

      a.      KMC stated that a ten percent error rate, specific to discrepant speedometer and odometer mileage readings, is within KMC's acceptable tolerance,

      b.      KMC stated that it does not maintain a written policy specific to acceptable tolerance regarding odometer mileage readings discrepant from actual mileage traveled, and

      c.      KMC asserted that it has no desire to, and in fact refuses, to remedy the condition of the odometer installed on Plaintiff's vehicle.

39.     On January 4, 2007, Plaintiff tendered his vehicle to one of Defendants' authorized repair centers.  Upon tender, Plaintiff informed Defendants' authorized repair center that the mileage registered by the odometer of his vehicle was inflated, above that actually traveled by his vehicle, by a factor of approximately ten (10) percent.  Plaintiff informed Defendants that he verified the mileage registration discrepancy.

40.     On February 1, 2007, KMC mailed to Plaintiff written correspondence in response to Plaintiff's notification regarding the defective condition of the odometer installed on Plaintiff's vehicle.  KMC explicitly affirmed: "Kawasaki Motors Corp., U.S.A., along with other manufacturers, distributes product with speedometers that will register higher speed than actual speed."  KMC further announced in writing: "As discussed on 12-28-06 the acceptable tolerance for Kawasaki is an error rate of up to 10 percent."  Moreover, KMC refused Plaintiff's request for remedy, noting: "While we are sorry that we cannot directly grant your request, we thank you for the opportunity to respond."

41.    Upon transfer of ownership, legal interest, and/or beneficial interest, Defendants failed to disclose the cumulative mileage registered on the odometer of Plaintiff's vehicle. Defendants failed to give respective transferee(s) written disclosure of the cumulative mileage registered on the odometer of the subject vehicle.

42.    Upon transfer of ownership, legal interest, and/or beneficial interest, Defendants failed to disclose that the actual mileage of the vehicle was unknown where Defendants knew that the odometer reading was different from the number of miles the vehicle had actually traveled.  Defendants, respectively, and with regard to joint, cooperative, and collaborative, and/or independent, unconnected, and unrelated transfer, failed to state that the actual mileage specific to Plaintiff's vehicle was unknown.

43.    Defendants adopted the acts and capacity of all subsequent transferors by causing subsequent transferors to give, make, and/or provide false odometer statements.

44.    In a letter to Plaintiff dated February 13, 2007, KMC confirmed "common inaccuracies" specific to speedometers and odometers utilized by Defendants' motor vehicles. As previously stated, KMC also refused Plaintiff's request for remedy: "No further action will be taken by Kawasaki Motors or this department with regards to this matter."

45.    The Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "The odometer shows the total distance in kilometers (miles) that the vehicle has been ridden.  This meter cannot be reset."

46.    The Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "Speedometer: The speedometer shows the speed of the vehicle."

47.    Defendants' practice and procedure in tampering with the odometer of Plaintiff's vehicle substantially impairs the use, value, and/or safety of Plaintiff's vehicle.

48.     Plaintiff has been financially damaged due Defendants' practice and procedure in tampering with the odometer of Plaintiff's vehicle.

49.     The value of Plaintiff's vehicle is diminished due to the fact that the odometer installed on Plaintiff's vehicle registers and indicates mileage over that actually traveled.

50.     Plaintiff will not receive the benefit of his bargain for reason that the odometer of his vehicle registers a mileage different and above the mileage the vehicle has actually traveled.

## CLASS ACTION ALLEGATIONS

**A.     Class Definitions**

51.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, the class Plaintiff seeks to represent includes:

> All persons and entities who/which purchased, leased or otherwise acquired from Defendants anywhere in the United States of America a 2006 model year Kawasaki Vulcan 1600 Nomad motorcycle, or any Kawasaki motorcycle employing, making use of, operating, advertised, or sold with, a similarly conditioned odometer.

> The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

52.     The class is so numerous that joinder of members is impracticable

53.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

54.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

55.     There exists a well defined community of interest in the questions of law and fact involved that affect the parties to be represented.   These common questions of law and fact predominate over questions that may affect individual class members.   Such issues include, but are not limited to:

       a.      The existence of an identical product condition in the vehicles at issue;

       b.      The measure of actual damages;

       c.      Defendant's violations of 49 U.S.C. §32701 et. seq.;

       c.      The availability of statutory penalties;

       d.      Attorney's fees and costs.

**B.      Rule 23(a)**

56.     The claims of Plaintiff are typical of those of the class he represents.

57.     The claims of Plaintiff and of the class he represents originate from the same violative and fraudulent conduct, practice, and procedure, on the part of Defendants.   Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

58.     Plaintiff possesses the same interests and has suffered the same injuries as the each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.   Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, specific to

which Defendants purposefully altered, or had altered, the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer, and advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer, and specific to which Defendants failed to disclose the cumulative mileage registered on the odometer of Plaintiff's vehicle and failed to disclose that the actual mileage of the vehicle was unknown where Defendants knew that the odometer reading was different from the number of miles the vehicle had actually traveled.  Plaintiff seeks damages in an amount sufficient to restore to him the benefit of his bargain, treble damages, statutory penalties, attorneys' fees, and costs.

59.　　Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other members of the class.

60.　　Plaintiff is willing and prepared to serve the Court and proposed class.

61.　　The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

62.　　Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

**C.**　　**Rules 23(b)(1), 23(b)(2), and 23(b)(3)**

63.　　Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class that would,

as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

64.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

66.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

67.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that:

    a.     individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

    b.     as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions;

c.     the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d.     the proposed class action is manageable.

## COUNT I

68.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67.

69.     Plaintiff alleges that the Defendants violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(1).   In particular, Plaintiff alleges that Defendants have violated 49 U.S.C. §32703(1) in the following manner:

Advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

70.     Plaintiff alleges that the conduct of Defendants in advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer, was committed with the intent by Defendants to defraud consumers.

71.     Plaintiff alleges that Defendants had actual notice of the condition of the odometer(s) throughout the proposed class period and have consciously elected not to notify consumers or voluntarily recall the vehicle in question, and in fact altered or directed the alteration of the odometer(s).

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2. Adjudging that Defendants violated 49 U.S.C. §32703(1) and that it did so with the intent to defraud consumers;

3. Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendants;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

7. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

72.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71.

73.     Plaintiff alleges that the Defendants violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(2).   In particular, Plaintiff alleges that Defendants have violated 49 U.S.C. §32703(2) in the following manner:

> Disconnecting, resetting, altering, or having disconnected, reset, or
> altered, an odometer of a motor vehicle intending to change the
> mileage registered by the odometer.

74.     Plaintiff alleges that the conduct of Defendants in disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer, was committed with the intent by Defendants to defraud consumers.

75.     Plaintiff alleges that Defendants had actual notice of the condition of the odometer(s) throughout the proposed class period and have consciously elected not to notify consumers or voluntarily recall the vehicle in question, and in fact altered or directed the alteration of the odometer(s).

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1.   Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2.   Adjudging that Defendants violated 49 U.S.C. §32703(2) and that it did so with the intent to defraud consumers;

3.   Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendants;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

7. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 75.

77. Plaintiff alleges that the Defendants violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32705(a)(1)(A),(B). In particular, Plaintiff alleges that Defendants has violated 49 U.S.C. §32705(a)(1)(A),(B) in transferring ownership of a motor vehicle in violation of requirement that a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:

Disclosure of the cumulative mileage registered on the odometer.

Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

78.    Plaintiff alleges that the conduct of Defendants in transferring ownership of a motor vehicle in violation of requirement that a person transferring ownership of a motor vehicle shall disclose of the cumulative mileage registered on the odometer, and disclose that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled, was committed with the intent by Defendants to defraud consumers.

79.    Plaintiff alleges that Defendants had actual notice of the condition of the odometer(s) throughout the proposed class period and have consciously elected not to notify consumers or voluntarily recall the vehicle in question, and in fact altered or directed the alteration of the odometer(s).

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

1. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

2. Adjudging that Defendants violated 49 U.S.C. §32705(a)(1)(A),(B) and that it did so with the intent to defraud consumers;

3. Awarding Plaintiff, and all those similarly situated, their actual damages in an amount sufficient to restore the benefit of their bargain with Defendants;

4. Awarding Plaintiff, and all those similarly situated, treble their actual damages not less than $1,500.00 for each defective vehicle;

5.  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 49 U.S.C. §32710, in the amount of $1,500.00 for each defective vehicle;

6.  Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees incurred in this action, including counsel fees and expert fees;

7.  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

8.  Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable as a matter of right.

Respectfully Submitted,

By:____/s/ Jorge Sanchez
One of Plaintiffs' Attorneys

Jorge Sanchez                                Aaron D. Radbil
Carol Nguyen                                 Gregory H. Moss
Thomas Geoghegan                             Scott M. Cohen
DESPRES SCHWARTZ & GEOGHEGAN. LTD            KROHN & MOSS, LTD.
77 West Washington Street                    120 West Madison Street
Suite 711                                    10th Floor
Chicago, IL 60602                            Chicago, IL 60602
(312) 372-7391                               (312) 578-9428