UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH BAXTER, on behalf of himself and all others similarly situated. ) ) )  Plaintiff, ) v. ) ) KAWASAKI MOTORS CORPORATION, ) U.S.A., KAWASAKI HEAVY INDUSTRIES, ) LTD AND DOES 1-3 ) )  Defendant. | Case 07-CV-6745<br><br>Hon. Judge Hart<br><br>Magistrate Judge Keys |

**AFFIDAVIT OF COMPLIANCE**

I, Misty R. Martin, being duly sworn and under oath, do depose and state that were I called upon to testify regarding the following matters, that I would competently testify of my own personal knowledge regarding these matters and that my testimony would be as follows:

1. I am currently an attorney with Segal McCambridge Singer & Mahoney, Ltd. and of record representing Defendant, Kawasaki Motors Corporation, U.S.A. ("KMC").

2. My office has been working with Plaintiff's counsel to reach an agreement regarding a proposed Protective Order to be entered into in the above captioned matter.

2. Pursuant to Local Rule 37.2 of the United States District Court for the Northern District of Illinois, my office communicated with Plaintiff's counsel in person and via written correspondence in an effort to resolve this matter. See Exhibit 1. The parties could not reach an agreement as to the scope and terms of the protective order.

4. Counsel's good faith attempt to resolve this matter was unsuccessful due to no fault of KMC's counsel.

5. Intervention by the Court is necessary to resolve the existing discovery controversy.

Dated: August 22, 2008

/s/ Misty R. Martin
Misty R. Martin



Jeffrey Singer
Direct (312) 645-7807
jsinger@smsm.com

June 30, 2008

Aaron D. Radbil, Esq.
Krohn & Moss, Ltd.
120 West Madison Street - 10th Floor
Chicago, Illinois 60602

   Re: Keith Baxter v. Kawasaki Motors Corp., U.S.A. et al.
     Case No.: 07 C 6745
     SMSM No.: 6750-613

Dear Aaron:

  We have reviewed your draft protective order. You have made a number of changes to the protective order that are unacceptable to the defendants. My concerns are detailed below. Please contact me by Tuesday, July 1, 2008, close of business, to discuss. If you are not willing to agree to these terms, we will consider our meet and confer over and we will re-file our Motion for Protective Order on Wednesday.

(1) Your proposal changes the expiration of any preservation obligations from the end of the litigation to the close of discovery. This is nonsensical. Your proposal would allow the plaintiff to alter and/or destroy the evidence before trial. This is unacceptable. The purpose of the protective order is to preserve evidence during the course of litigation, not just discovery. We must insist that preservation obligations continue through the end of the litigation, as described in our initial proposed protective order.

(2) You have removed, without comment, all references to the preservation of the GPS devices. These devices are significant evidence to the case since a plain reading of plaintiff's complaint reveals that plaintiff is relying on the GPS devices to support his claim. Therefore, we must insist that the GPS devices be included in the protective order.

(3) You have included language in your proposal that would allow the plaintiff to make safety related alterations to the evidence. This is unacceptable. The purpose



Aaron D. Radbil, Esq.
June 30, 2008
Page 2

of the protective order is to preserve the condition of the evidence in its current state. Regardless of the reason for alterations, if plaintiff were allowed to make any modifications or changes to the evidence, it would nullify the very purpose of the protective order.

(4) As previously discussed with Carol, we will not agree to your attempt to limit the number of inspections the parties may seek. It would be impossible, at this stage of the litigation, to determine the number of inspections the parties will need to conduct in order to evaluate your client's claims. There is absolutely no good faith basis or legal support for your demand that the inspections be limited. It would be irresponsible and imprudent to agree to a limited number of inspections when we have not had the opportunity to even view the evidence. Thus, we cannot accept this term.

I look forward to your response.

Very truly your,

Jeffrey Singer

JS/mlb

cc:   Misty R. Martin, Esq.

#1027670.1

**SegalMcCambridge**
Segal McCambridge Singer & Mahoney

Aaron D. Radbil, Esq.
June 30, 2008
Page 3

bcc:  Tom Johnson, Esq.
      Doug Willson, Esq.
      Richard Mueller, Esq.
      Carl Pesce, Esq.

Sears Tower, 233 S. Wacker Drive, Suite 5500 Chicago, IL 60606, Tel (312) 645-7800  Fax (312) 645-7711
www.smsm.com