**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEITH BAXTER, ) | |
| ) | |
| Plaintiff, on behalf of himself and ) | |
| all others similarly situated, ) | |
| ) | JURY DEMANDED |
| ) | |
| v. ) | No. 07 C 6745 |
| ) | |
| KAWASAKI MOTORS CORP., U.S.A., ) | |
| and KAWASAKI HEAVY INDUSTRIES, LTD. ) | Judge: William Hart |
| ) | |
| Defendant. ) | Magistrate: Arlander Keys |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CERTIFICATION**

NOW COMES the Plaintiff, KEITH BAXTER ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD. and DESPRES SCHWARTZ & GEOGHEGAN, and hereby moves this Court for an extension of time to file his Motion for Class Certification. In support thereof, Plaintiff states as follows:

1. On November 30, 2007, Plaintiff filed his Original Class Action Complaint, alleging violations of 49 U.S.C. §32701 et. seq.

2. On March 24, 2008, Defendant, KAWASAKI MOTORS CORP., U.S.A. ("Kawasaki"), filed its Motion to Dismiss Plaintiff's Complaint along with its supporting memorandum of law.

3. On April 24, 2008, Plaintiff filed his Amended Class Action Complaint, adding KAWASAKI HEAVY INDUSTRIES, INC. ("Heavy"), as a Defendant and pleading certain facts with more particularity.

4. Kawasaki subsequently filed a Motion to Dismiss Plaintiff's Amended Class Action complaint.

5. On July 17, 2008, this Honorable Court granted Kawasaki's Motion to Dismiss Plaintiff's Amended Class Action complaint with prejudice, denied class certification, and entered judgment in favor of both Kawasaki and Heavy.

6. On August 20, 2008, this Honorable Court denied Plaintiff's Motion to Reconsider but granted Plaintiff's Motion to File a Second Amended Complaint with the exception of Count III that was dismissed. In addition, this Honorable Court ordered Kawasaki and Heavy to answer the remaining counts of the second amended complaint by no later than September 10, 2008 and for Plaintiff to file his Motion for Class Certification by no later than October 3, 2008.

7. Plaintiff now seeks an extension of time in which to file his Motion for Class Certification based on the following reasons:

   a. Heavy has still not been served in this matter and there are ongoing discussions with Kawasaki's attorney as to whether or not he will accept service as requested by this Honorable Court and if not, Heavy will have to be served through the Hague Convention;

   b. Written discovery has not been conducted by either party yet (which is essential in assisting Plaintiff with being able to establish all elements necessary for class certification) due to the pending ruling on Kawasaki's Motion to Dismiss along with the fact that this Honorable Court initially granted Kawasaki's Motion to Dismiss with prejudice which then required Plaintiff's counsel to focus its attention on drafting a Motion to Reconsider/Motion for Leave to File Second Amended Complaint; and

   c. Aaron Radbil, Plaintiff's counsel responsible for drafting the Motion for Class Certification, has trials set for the September 15, 2008 docket in Broward County, Florida; the September 22, 2008 docket in Dade County, Florida; the October 13, 2008 priority trial call in Cook County, Illinois; and the November 24, 2008 trial docket in the U.S. District Court for the Southern District of Florida, Miami Division. Additionally, Plaintiff's counsel, Aaron Radbil, is currently drafting a brief for the Florida

     Supreme Court due on or before October 20, 2008, as well as a brief for the Florida Fourth District Appellate Court due on or before October 15, 2008. Plaintiff's counsel, Aaron Radbil, remains responsible for the daily required work associated with his firm.

  8. Accordingly, Plaintiff requests that this Honorable Court grant Plaintiff an extension of time to file his Motion for Class Certification by first setting a written discovery schedule prior to setting a date to file a Motion for Class Certification as there are potentially thousands of consumers that may fall within the class and those unknown individuals would be severely prejudiced should an inadequate Motion for Class Certification be filed due to the reasons stated above.

  9. This motion was not brought for the purposes of delay or to harass either Kawasaki or Heavy but merely seeks to ensure that the rights of all potential class members are adequately protected.

  WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff an extension of time to file his Motion for Class Certification by first setting a written discovery schedule followed by a time to file a Motion for Class Certification subsequent to the close of written discovery.

             By: s/Gregory H. Moss
               Gregory H. Moss

| | |
|---|---|
| Jorge Sanchez | Aaron D. Radbil |
| Carol Nguyen | Gregory H. Moss |
| Thomas Geoghegan | Scott M. Cohen |
| DESPRES SCHWARTZ & GEOGHEGAN | KROHN & MOSS, LTD. |
| 77 West Washington Street | 120 West Madison Street |
| Suite 711 | 10th Floor |
| Chicago, IL 60602 | Chicago, IL 60602 |
| (312) 372-7391 | (312) 578-9428 |

**CERTIFICATE OF SERVICE**

      I, Aaron D. Radbil, certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Paul D. Lawrence, Richard Mueller, Carl Pesce, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, and Jeffrey Singer, Segal, McCambridge, Singer & Mahoney, Ltd.. Sears Tower, 233 S. Wacker, Suite 5500, Chicago, Illinois 60606 on September 4, 2008.

                                          By: s/Aaron D. Radbil_____
                                                    Aaron D. Radbil