IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07C-6745 |
| | ) | |
| v. | ) | Judge William Hart |
| | ) | |
| KAWASAKI MOTORS CORP., U.S.A., | ) | Magistrate Judge Arlander Keys |
| KAWASAKI HEAVY INDUSTRIES, LTD., | ) | |
| and DOES 1-3, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KAWASAKI MOTORS CORP., U.S.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

As and for its Answer to Plaintiff Keith Baxter's ("Plaintiff's") Second Amended Complaint, Defendant Kawasaki Motors Corp., U.S.A. ("KMC") hereby states as follows:

### NATURE OF ACTION

1.      This is a class action brought on behalf of all consumers subjected to Defendant, Kawasaki Heavy Industries, Ltd ("KHI"), Defendant, Kawasaki Motor Corporation, U.S.A.'s ("KMC"), and Defendants, ("DOES") whose identity is currently unknown, (collectively referred to as "Defendants"), scheme to tamper with motor vehicle odometers. Defendants' practice of tampering with motor vehicle odometers directly contravenes congressional safeguards established to protect purchasers in the sale of motor vehicles specific to odometer alteration. This suit alleges violations of 49 U.S.C. §32701 et. seq., ("Odometer Act"), which undermine congressional efforts to ensure good faith dealing in the automotive industry.

**ANSWER:**     KMC admits that Plaintiff's Second Amended Complaint seeks certification as a class action, though KMC denies that such certification is appropriate or required under the circumstances.  KMC admits that Plaintiff's Second Amended Complaint alleges violations of the federal Odometer Act, 49 U.S.C. §§ 32701 et seq. (the "Odometer Act" or the "Act"), though KMC denies that it has violated the Act.  To the extent that the allegations of Paragraph 1 purport to state legal conclusions, KMC states that no response is required.  To

the extent that a response to such allegations is required, KMC denies the same.  KMC denies

each and every remaining allegation contained in Paragraph 1 not expressly admitted herein.

2.       In drafting legislation prohibiting alteration of motor vehicle odometers, or
direction thereof, installation, sale, or use of devices intended to alter motor vehicle odometers,
or the direction thereof, and related disclosure requirements, Congress expressly found that
buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and
value of a vehicle; that buyers are entitled to rely on the odometer reading as an accurate
indication of the mileage of a vehicle, and; that an accurate indication of the mileage of a vehicle
assists a buyer in deciding on the safety and reliability of the vehicle. In thirty plus years since
passage of the Odometer Act, courts have unanimously recognized such purposes.

**ANSWER:**    KMC states that Paragraph 2 inaccurately and incompletely sets forth the

purposes of the United States Congress in enacting the Odometer Act, and KMC therefore denies

those allegations.  KMC further states that Paragraph 2 inaccurately and incompletely purports to

describe courts' interpretation of the Odometer Act.  KMC states that the reported decisions of

those courts are the best evidence of courts' interpretation of the Odometer Act, and KMC

therefore denies Plaintiff's allegations concerning such courts' interpretations.  KMC denies each

and every remaining allegation contained in Paragraph 2 not expressly admitted herein.

3.       Just as the unscrupulous mechanic who rolls back a single odometer with a
screwdriver is subject to liability under the Odometer Act, so is a sophisticated manufacturer,
installer, advertiser, and seller of thousands, if not hundreds of thousands of motor vehicles
equipped with altered components, devices, software tables, and electronic mechanisms, specific
to odometers produced en masse. The sophistication of odometers, and their tamperers alike,
cannot serve to circumvent the purposes of the Odometer Act.

**ANSWER:**    KMC states that the allegations of Paragraph 3 purport to state legal

conclusions, as to which no response is required.  To the extent that a response is required, KMC

denies each and every allegation contained in Paragraph 3.

4.       Defendants have engaged in, with the intent to defraud, acts which constitute
advertising for the sale, sale, use, installing, or having installed, a device that makes an odometer
of a motor vehicle register a mileage different from the mileage the vehicle was driven, as
registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**   KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 4 refer to Defendant Kawasaki Heavy Industries, Ltd. ("KHI"), KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required, KMC denies the same.  KMC denies each and every remaining allegation contained in Paragraph 4 not expressly admitted herein.

5.      Defendants have engaged in, with the intent to defraud, acts which constitute disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

**ANSWER:**   KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 5 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required, KMC denies the same.  KMC denies each and every remaining allegation contained in Paragraph 5 not expressly admitted herein.

6.      Defendants have engaged in, with the intent to defraud, acts which constitute transferring ownership of a motor vehicle without providing to the transferee disclosure of the cumulative mileage registered on the odometer, or disclosure that the actual mileage is unknown where the transferor knows that the odometer reading is different from the number of miles the vehicle actually traveled.

**ANSWER:**   KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 6 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required, KMC denies the same.  KMC denies each and every remaining allegation contained in Paragraph 6 not expressly admitted herein.

7.    Defendants have acted in manner tantamount to failure and refusal to correct the condition of the odometer as altered by Defendants, or direction thereof, and as advertised, sold, used, installed by Defendants, or direction thereof, as well as vehicles of all those included in the subject class.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 7 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required, KMC denies the same.  KMC denies each and every remaining allegation contained in Paragraph 7 not expressly admitted herein.

8.    Defendants have demonstrably deprived Plaintiff, and all those included in the subject class, of the benefit of their bargain.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 8 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required, KMC denies the same.  KMC denies each and every remaining allegation contained in Paragraph 8 not expressly admitted herein.

9.    Defendants altered, or directed the alteration of the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer of Plaintiff's vehicle. Defendants have fashioned a pattern and practice of intentionally altering vehicle odometers so as to consistently overstate the mileage in favor of Defendants and to the detriment of consumers.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 9 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same.  To the extent that a response to such allegations is required,

KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 9 not expressly admitted herein.

10.    Defendants advertised for the sale, sold, used, installed, or had installed components, software, and electronic mechanisms that make the odometer of Plaintiff's vehicle register a mileage different from the mileage Plaintiff's vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's allegations in Paragraph 10 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same. To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 10 not expressly admitted herein.

11.    As a result of the far-reaching effect of Defendants' commonplace scheme, in addition to the harm caused by Defendants' deceptive practice, the design, manufacture, advertisement, and sale of aftermarket parts, created to remedy the altered odometers, is prevalent. Neither astonishing, nor unanticipated, Defendants do not condone the use of aftermarket parts to correct altered odometers. Defendants assert that installation of aftermarket parts to correct defective and altered odometers eliminates the possibility of further warranty coverage.

**ANSWER:**    KMC admits that, as a matter of its policy, it does not recommend the use or installation of "aftermarket" parts on speedometers on Kawasaki motorcycles. KMC further admits that, as a matter of its policy, the installation of any "aftermarket" part on a speedometer on a Kawasaki motorcycle may void the warranty on that motorcycle. KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's allegations in Paragraph 11 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same. To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 11 not expressly admitted herein.

12.     In enacting the Odometer Act, Congress sought to establish a national policy against odometer tampering, and prevent consumers from being victimized by such abuses. Courts have observed that the Odometer Act was enacted to give purchasers of motor vehicles a reliable index of the vehicle's condition, value, safety, and reliability, and to protect the public from common, ordinary dishonesty. Violations of the Odometer Act are actionable by any injured member of the public, such as Plaintiff and all those included in the subject class, for whose benefit the statute was enacted.

**ANSWER:**     KMC states that Paragraph 12 inaccurately and incompletely sets forth the

purposes of the United States Congress in enacting the Odometer Act, and KMC therefore denies

those allegations.  KMC further states that Paragraph 12 inaccurately and incompletely purports

to describe courts' interpretation of the Odometer Act.  KMC states that the reported decisions of

those courts are the best evidence of courts' interpretation of the Odometer Act, and KMC

therefore denies Plaintiff's allegations concerning such courts' interpretations.  KMC denies each

and every remaining allegation contained in Paragraph 12 not expressly admitted herein.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the laws of the United States.

**ANSWER:**     KMC admits that this Court has jurisdiction over this cause pursuant to 28

U.S.C. § 1331.

14.     Venue is proper in the Northern District of Illinois for the reason that Defendants reside in the State of Illinois. In particular, Defendants are subject to personal jurisdiction in the state of Illinois, and Defendants' contacts would be sufficient to subject them to personal jurisdiction in the Northern District of Illinois if the Northern District of Illinois were a separate State.

**ANSWER:**     KMC admits that venue in the Northern District of Illinois is proper in this

action.

## PARTIES

15.     Plaintiff, KEITH BAXTER, is a resident of Mount Juliet, Tennessee. Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, manufactured, designed, and marketed by Defendant, for valuable consideration, from State Motorcycles in Peninsula, Ohio.

**ANSWER:**    KMC is without knowledge concerning the allegations contained in

Paragraph 15 and therefore denies the same.

16.    Defendant, KAWASAKI HEAVY INDUSTRIES, LTD., is a foreign corporation, and is engaged in the manufacture, sale, advertisement, and/or distribution of motor vehicles and related equipment that are disseminated in the Northern District for the State of Illinois.

**ANSWER:**    Paragraph 16 is directed to Defendant KHI and KMC is not required to

respond to the same as a result. To the extent that a response to such allegations is required,

KMC denies the same.

17.    Defendant, KAWASAKI MOTORS CORP., U.S.A., is a foreign corporation authorized to do business in the State of Illinois, and is engaged in the sale, advertisement, and/or distribution of motor vehicles and related equipment and services in the Northern District for the State of Illinois.

**ANSWER:**    KMC admits that it is a foreign corporation authorized to do business in

the State of Illinois.  KMC further admits that, as part of its business, KMC engages in the sale,

advertisement and distribution of motor vehicles.  KMC denies each and every remaining

allegation contained in Paragraph 17 not expressly admitted herein.

18.    Defendants, DOES, whose identities are unknown, are entities engaged in the manufacture, sale, advertisement, and/or distribution of equipment related to motor vehicles that are disseminated in the Northern District for the State of Illinois.

**ANSWER:**    KMC is without knowledge concerning the identities and actions of

Defendants Does 1-3 and therefore denies each and every allegation contained in Paragraph 18.

## BACKGROUND TO CLASS PERIOD

19.    At the time Congress enacted the Odometer Act, some seventeen (17) states had enacted legislation to curb the practice of tampering with odometers, but states without such legislation had found this practice on the increase, especially when a neighboring state had an odometer law.

**ANSWER:**    KMC states that Paragraph 19 inaccurately and incompletely sets forth the

purposes of the United States Congress in enacting the Odometer Act and/or any state of the

United States of America in enacting similar legislation, and KMC therefore denies those

allegations.  KMC further states that it is without knowledge as to the intent of any state of the

United States of America and, on that basis, denies each and every remaining allegation

contained in Paragraph 19 not expressly admitted herein.

20.    By prohibiting the tampering of odometers on motor vehicles, and by establishing safeguards for the protection of those persons who purchase vehicles having altered or tampered odometers, Congress believed the Odometer Act would establish a national policy against odometer tampering and prevent consumers from being victimized by such abuses. The legislative intent expressed in the Odometer Act emphasizes the purchasers' reliance on odometer information, and although the Odometer Act does not rely exclusively on private actions by individual consumers for its enforcement, it clearly, like the Truth in Lending Act, contemplates actions by private attorneys general as a substantial enforcement tool.

**ANSWER:**    KMC states that Paragraph 20 inaccurately and incompletely sets forth the

purposes of the United States Congress in enacting the Odometer Act, and KMC therefore denies

those allegations.  Further, to the extent that Paragraph 20 purports to paraphrase any portion of

the Odometer Act and/or any related legislation or proclamation of the United States Congress,

KMC states that such legislation and/or proclamations are the best evidence of their content, and

KMC denies Plaintiff's characterization thereof.  KMC denies each and every remaining

allegation contained in Paragraph 20 not expressly admitted herein.

## FACTUAL ALLEGATIONS

21.    On or about November 9, 2006, Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600 ("Vulcan"), Vehicle Identification No. JKBVNKG166A00071 1, manufactured, designed, and marketed by Defendants, for valuable consideration.

**ANSWER:**    KMC is without knowledge concerning the allegations contained in

Paragraph 21 and therefore denies the same.

22.     The purchase price of the Vulcan, including registration charges, document fees and sales tax, but excluding collateral charges, such as bank and finance charges, totaled more than $10,600.00.

**ANSWER:**     KMC is without knowledge concerning the allegations contained in

Paragraph 22 and therefore denies the same.

23.     Prior to Plaintiff's purchase of his vehicle, Defendants' authorized dealership completed a "Kawasaki Assembly and Preparation Check List." The completed Kawasaki Assembly and Preparation Check List includes the language: "I hereby certify that prior to delivery to the first retail purchaser, assembly and preparation servicing was performed on the vehicle listed below in accordance with the following check list, and in compliance with the established procedures prescribed by Kawasaki." The completed Kawasaki Assembly and Preparation Check List further includes a section titled "Test Drive Check List." The Test Drive Check List section includes a check-marked box reading: "Instruments – check operation."

**ANSWER:**     KMC admits that its dealerships routinely complete the "Kawasaki

Assembly and Preparation Check List" or a similar checklist.  KMC further states that it is

without knowledge concerning any alleged actions by the dealership alleged in Paragraph 23 and

therefore denies such allegations.  KMC further states that Plaintiff's quotation of said checklist

is without context and is incomplete, and that the quoted document is the best evidence of its

contents.  KMC therefore denies Plaintiff's allegations concerning the same.  KMC denies each

and every allegation contained in Paragraph 23 not expressly admitted herein.

24.     In consideration for the purchase of the Vulcan, KMC issued and supplied to Plaintiff its written warranty which includes two (2) year coverage, as well as other warranties fully outlined in KMC's Limited Warranty booklet. KMC, among other warranties fully outlined in KMC's Limited Warranty booklet, warranted that for a period of twenty-four (24) months from the date of initial retail purchase from one of Defendants' authorized dealerships that Plaintiff's vehicle would be free, under normal use and maintenance, from any defect in material and workmanship subject to the certain conditions, exclusions, obligations and limitations.

**ANSWER:**     KMC admits that it issued and supplied a twenty-four month warranty on

Vulcan 1600 Nomad motorcycles such as the one at issue in this case.  KMC further admits that

it issued and supplied certain printed materials in connection with and in relation to said

warranty.  KMC further states that the written warranty materials supplied with and about such

warranty are the best evidence of the terms of the warranty, and KMC therefore denies Plaintiff's

characterization of such materials.  KMC denies each and every allegation contained in

Paragraph 24 not expressly admitted herein.

25.    KHI altered, or had altered, the odometer of Plaintiff's vehicle, intending to
change the mileage registered by the odometer.

**ANSWER:**    Paragraph 25 is directed to Defendant KHI and KMC is not required to

respond to the same as a result.  To the extent that a response to such allegations is required,

KMC denies the same.

26.    KMC altered, or had altered, the odometer of Plaintiff's vehicle, intending to

change the mileage registered by the odometer.

**ANSWER:**    KMC denies the allegations contained in Paragraph 26.

27.    DOES altered, or had altered, the odometer of Plaintiff's vehicle, intending to
change the mileage registered by the odometer.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies the allegations contained in Paragraph 27.

28.    KHI altered, or had altered, the odometer of Plaintiff's vehicle by way of
components, software, and electronic and digital mechanisms, changing the odometer from an
instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

**ANSWER:**    Paragraph 28 is directed to Defendant KHI and KMC is not required to

respond to the same as a result.  To the extent that a response to such allegations is required,

KMC denies the same.

29.    KMC altered, or had altered, the odometer of Plaintiff's vehicle by way of
components, software, and electronic and digital mechanisms, changing the odometer from an
instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

**ANSWER:**    KMC denies the allegations contained in Paragraph 29.

30.    DOES altered, or had altered, the odometer of Plaintiff's vehicle by way of components, software, and electronic and digital mechanisms, changing the odometer from an instrument that shows the total distance in kilometers (miles) that the vehicle has been ridden.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies the allegations contained in Paragraph 30.

31.    KHI advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    Paragraph 31 is directed to Defendant KHI and KMC is not required to

respond to the same as a result.  To the extent that a response to such allegations is required,

KMC denies the same.

32.    KMC advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    KMC denies the allegations contained in Paragraph 32.

33.    DOES advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies the allegations contained in Paragraph 33.

34.    KHI installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    Paragraph 34 is directed to Defendant KHI and KMC is not required to

respond to the same as a result.  To the extent that a response to such allegations is required,

KMC denies the same.

35.     KMC installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**     KMC denies the allegations contained in Paragraph 35.

36.     DOES installed, or had installed, components, software, and electronic and digital mechanisms that make Plaintiff's odometer register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**     KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies the allegations contained in Paragraph 36.

37.     Shortly after taking possession of his vehicle, Plaintiff became aware that the mileage registered by the odometer of his vehicle was inflated, above that actually traveled by his vehicle, by a factor of approximately ten (10) percent.

**ANSWER:**     KMC is without knowledge as to any facts concerning which Plaintiff

claims he was or was not aware and therefore denies each and every allegation contained in

Paragraph 37.

38.     On December 26, 2006, Plaintiff contacted KMC informing Defendant that the odometer of his vehicle did not show the total distance in kilometers (miles) that his vehicle has been ridden, but rather inflated the mileage actually traveled by a factor of approximately ten (10) percent.  In response to Plaintiff's December 26, 2006 notice, KMC informed Plaintiff of the following:

    a.     KMC stated that a ten percent error rate, specific to discrepant speedometer and odometer mileage readings, is within KMC's acceptable tolerance,

    b.     KMC stated that it does not maintain a written policy specific to acceptable tolerance regarding odometer mileage readings discrepant from actual mileage traveled, and

    c.     KMC asserted that it has no desire to, and in fact refuses, to remedy the condition of the odometer installed on Plaintiff's vehicle.

**ANSWER:**     KMC admits that on or about December 26 or 27, 2006, Plaintiff

contacted KMC by telephone regarding the motorcycle at issue in this case.  KMC further states

that Plaintiff's allegations concerning such telephone conversation are not direct quotations and

are lacking any context, and KMC therefore denies Plaintiff's characterization of said

conversation.  KMC denies each and every remaining allegation contained in Paragraph 38 not

expressly admitted herein.

39.     On January 4, 2007, Plaintiff tendered his vehicle to one of Defendants'
authorized repair centers. Upon tender, Plaintiff informed Defendants' authorized repair center
that the mileage registered by the odometer of his vehicle was inflated, above that actually
traveled by his vehicle, by a factor of approximately ten (10) percent. Plaintiff informed
Defendants that he verified the mileage registration discrepancy.

**ANSWER:**     KMC admits that Plaintiff represented to KMC that he tendered the

subject motorcycle to a Kawasaki dealership on or about January 4, 2007.  KMC is without

knowledge as to the remaining allegations set forth in Paragraph 39 and therefore denies the

same.

40.     On February 1, 2007, KMC mailed to Plaintiff written correspondence in
response to Plaintiff's notification regarding the defective condition of the odometer installed on
Plaintiff's vehicle. KMC explicitly affirmed: "Kawasaki Motors Corp., U.S.A., along with other
manufacturers, distributes product with speedometers that will register higher speed than actual
speed." KMC further announced in writing: "As discussed on 12-28-06 the acceptable tolerance
for Kawasaki is an error rate of up to 10 percent." Moreover, KMC refused Plaintiff's request
for remedy, noting: "While we are sorry that we cannot directly grant your request, we thank you
for the opportunity to respond."

**ANSWER:**     KMC admits that on or about February 1, 2007, it sent a letter to Plaintiff

regarding Plaintiff's complaints concerning the subject motorcycle.  KMC further states that the

February 1, 2007 letter is the best evidence of its contents, and KMC denies Plaintiff's

characterization of that letter.  KMC denies each and every remaining allegation contained in

Paragraph 40 not expressly admitted herein.

41.     Upon transfer of ownership, legal interest, and/or beneficial interest, Defendants
failed to disclose the cumulative mileage registered on the odometer of Plaintiff's vehicle.
Defendants failed to give respective transferee(s) written disclosure of the cumulative mileage
registered on the odometer of the subject vehicle.

**ANSWER:**     KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's

allegations in Paragraph 41 refer to KHI, KMC states that it is not required to respond to such

allegations and denies the same.  KMC admits that it did not issue a mileage disclosure statement

to Plaintiff.  KMC denies each and every allegation contained in Paragraph 41 not expressly

admitted herein.

42.     Upon transfer of ownership, legal interest, and/or beneficial interest, Defendants
failed to disclose that the actual mileage of the vehicle was unknown where Defendants knew
that the odometer reading was different from the number of miles the vehicle had actually
traveled. Defendants, respectively, and with regard to joint, cooperative, and collaborative,
and/or independent, unconnected, and unrelated transfer, failed to state that the actual mileage
specific to Plaintiff's vehicle was unknown.

**ANSWER:**     KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's

allegations in Paragraph 42 refer to KHI, KMC states that it is not required to respond to such

allegations and denies the same.  To the extent that a response to such allegations is required,

KMC denies the same.  KMC admits that it did not issue a mileage disclosure statement to

Plaintiff.  KMC denies each and every allegation contained in Paragraph 42 not expressly

admitted herein.

43.     Defendants adopted the acts and capacity of all subsequent transferors by causing
subsequent transferors to give, make, and/or provide false odometer statements.

**ANSWER:**     KMC states that to the extent that the allegations contained in Paragraph

43 purport to state legal conclusions, no response is required.  To the extent that a response to

such allegations is required, KMC denies the same.  KMC denies each and every remaining

allegation contained in Paragraph 43 not expressly admitted herein.

44.     In a letter to Plaintiff dated February 13, 2007, KMC confirmed "common
inaccuracies" specific to speedometers and odometers utilized by Defendants' motor vehicles.

As previously stated, KMC also refused Plaintiff's request for remedy: "No further action will be taken by Kawasaki Motors or this department with regards to this matter."

**ANSWER:**    KMC admits that on or about February 13, 2007, it sent a letter to Plaintiff regarding Plaintiff's complaints concerning the subject motorcycle. KMC further states that the February 13, 2007 letter is the best evidence of its contents, and KMC denies Plaintiff's characterization of that letter. KMC denies each and every remaining allegation contained in Paragraph 44 not expressly admitted herein.

45.    The Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "The odometer shows the total distance in kilometers (miles) that the vehicle has been ridden. This meter cannot be reset."

**ANSWER:**    KMC admits that an Owner's Manual was commonly issued with 2006 Vulcan Nomad 1600 motorcycles. KMC further states that Plaintiff's quotation of such Owner's Manual is without context and is incomplete, and that Owner's Manual is the best evidence of its contents. KMC therefore denies Plaintiff's characterization concerning the same. KMC denies each and every allegation contained in Paragraph 45 not expressly admitted herein.

46.    The Owner's Manual provided to Plaintiff in connection with the purchase of his vehicle reads: "Speedometer: The speedometer shows the speed of the vehicle."

**ANSWER:**    KMC admits that an Owner's Manual was commonly issued with 2006 Vulcan Nomad 1600 motorcycles. KMC further states that Plaintiff's quotation of such Owner's Manual is without context and is incomplete, and that Owner's Manual is the best evidence of its contents. KMC therefore denies Plaintiff's characterization concerning the same. KMC denies each and every allegation contained in Paragraph 46 not expressly admitted herein.

47.    Defendants' practice and procedure in tampering with the odometer of Plaintiff's vehicle substantially impairs the use, value, and/or safety of Plaintiff's vehicle.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's

allegations in Paragraph 47 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same. To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 47 not expressly admitted herein.

48.     Plaintiff has been financially damaged due Defendants' practice and procedure in tampering with the odometer of Plaintiff's vehicle.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's allegations in Paragraph 48 refer to KHI, KMC states that it is not required to respond to such allegations and denies the same. To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 48 not expressly admitted herein.

49.     The value of Plaintiff's vehicle is diminished due to the fact that the odometer installed on Plaintiff's vehicle registers and indicates mileage over that actually traveled.

**ANSWER:**    KMC denies the allegations contained in Paragraph 49.

50.     Plaintiff will not receive the benefit of his bargain for reason that the odometer of his vehicle registers a mileage different and above the mileage the vehicle has actually traveled.

**ANSWER:**    KMC denies the allegations contained in Paragraph 50.

## CLASS ACTION ALLEGATIONS

A.     **Class Definitions**

51.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, the class Plaintiff seeks to represent includes:

> All persons and entities who/which purchased, leased or otherwise acquired from Defendants anywhere in the United States of America a 2006 model year Kawasaki Vulcan 1600 Nomad motorcycle, or any Kawasaki motorcycle employing, making use of, operating, advertised, or sold with, a similarly conditioned odometer.

> The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

**ANSWER:**    KMC admits that Plaintiff seeks in this action certification of a class. KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.  KMC denies each and every remaining allegation contained in Paragraph 51.

52.    The class is so numerous that joinder of members is impracticable

**ANSWER:**    KMC states that Paragraph 52 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 52.

53.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

**ANSWER:**    KMC is without knowledge concerning Plaintiff's knowledge and therefore denies the allegations contained in Paragraph 53.  Further, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the

requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 53.

54.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

**ANSWER:**     KMC states that Paragraph 54 purports to state a legal conclusion, as to which no reply is required. However, to the extent that a reply is required, KMC denies the same. Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein. KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 54.

55.     There exists a well defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to:

      a.     The existence of an identical product condition in the vehicles at issue;

      b.     The measure of actual damages;

      c.     Defendant's violations of 49 U.S.C. §32701 et. seq.;

      d.     The availability of statutory penalties;

      e.     Attorney's fees and costs.

**ANSWER:**     KMC states that Paragraph 55 purports to state a legal conclusion, as to which no reply is required. However, to the extent that a reply is required, KMC denies the same. Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein. KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 55.

**B.     Rule 23(a)**

56.     The claims of Plaintiff are typical of those of the class he represents.

**ANSWER:**     KMC states that Paragraph 56 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 56.

57.     The claims of Plaintiff and of the class he represents originate from the same violative and fraudulent conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

**ANSWER:**     KMC states that Paragraph 57 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 57.

58.     Plaintiff possesses the same interests and has suffered the same injuries as the each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members. Plaintiff purchased a 2006 Kawasaki Vulcan Nomad 1600, specific to which Defendants purposefully altered, or had altered, the odometer of Plaintiff's vehicle, intending to change the mileage registered by the odometer, and advertised for the sale, sold, used, installed, or had installed, a device that makes the odometer of Plaintiff's vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer, and specific to which Defendants failed to disclose the cumulative mileage registered on the odometer of Plaintiff's vehicle and failed to disclose that the actual mileage of the vehicle was unknown where Defendants knew that the odometer reading was different from the number of miles the vehicle had actually traveled. Plaintiff seeks damages in an amount sufficient to restore to him the benefit of his bargain, treble damages, statutory penalties, attorneys' fees, and costs.

**ANSWER:**     KMC admits that Plaintiff purchased a 2006 Vulcan Nomad 1600 motorcycle.  To the extent that the allegations contained in Paragraph 58 purport to state a legal conclusion, no reply is required as to such allegations.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.  KMC denies each and every remaining allegation contained in Paragraph 58.

59.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other members of the class.

**ANSWER:**     KMC states that Paragraph 59 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 59.

60.     Plaintiff is willing and prepared to serve the Court and proposed class.

**ANSWER:**     KMC is without knowledge as to Plaintiff's willingness or preparation and therefore denies the allegations contained in Paragraph 60.

61.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

**ANSWER:**     KMC states that Paragraph 61 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and

circumstances surrounding this case and the legal claims involved herein. KMC further denies

that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.

KMC denies each and every remaining allegation contained in Paragraph 61.

62.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

**ANSWER:**    KMC admits that Plaintiff has retained counsel to represent him in the

present action. KMC further states that Paragraph 62 purports to state a legal conclusion, as to

which no reply is required. However, to the extent that a reply is required, KMC denies the

same. Specifically, KMC denies that class certification is justified or proper under the facts and

circumstances surrounding this case and the legal claims involved herein. KMC further denies

that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.

KMC denies each and every remaining allegation contained in Paragraph 62.


**C.**        **Rules 23(b)(1), 23(b)(2), and 23(b)(3)**

63.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class that would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

**ANSWER:**    KMC states that Paragraph 63 purports to state a legal conclusion, as to

which no reply is required. However, to the extent that a reply is required, KMC denies the

same. Specifically, KMC denies that class certification is justified or proper under the facts and

circumstances surrounding this case and the legal claims involved herein. KMC further denies

that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.

KMC denies each and every remaining allegation contained in Paragraph 63.

64.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER:**     KMC states that Paragraph 64 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 64.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

**ANSWER:**     KMC states that Paragraph 65 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 65.

66.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

**ANSWER:**     KMC states that Paragraph 66 purports to state a legal conclusion, as to which no reply is required.  However, to the extent that a reply is required, KMC denies the same.  Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein.  KMC further denies

that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23.

KMC denies each and every remaining allegation contained in Paragraph 66.

      67.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that:

      a.     individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

      b.     as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions;

      c.     the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

      d.     the proposed class action is manageable.

      **ANSWER:**   KMC states that Paragraph 67 purports to state a legal conclusion, as to which no reply is required. However, to the extent that a reply is required, KMC denies the same. Specifically, KMC denies that class certification is justified or proper under the facts and circumstances surrounding this case and the legal claims involved herein. KMC further denies that Plaintiff has satisfied any of the requirements for such a class under Fed. R. Civ. P. 23. KMC denies each and every remaining allegation contained in Paragraph 67.

## COUNT I

      68.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67.

      **ANSWER:**   As and for its response to Paragraph 68, KMC realleges and restates its responses to Paragraphs 1 through 67 and incorporates the same by reference as if fully set forth herein.

      69.     Plaintiff alleges that the Defendants violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(1). In particular, Plaintiff alleges that Defendants

have violated 49 U.S.C. §32703(1) in the following manner:

> Advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's allegations in Paragraph 69 refer to KHI, KMC states that it is not required to respond to such allegations. To the extent that a response to such allegations is required, KMC denies the same. KMC further states that the allegations contained in Paragraph 69 purport to state a legal conclusion, as to which no response is required. To the extent that a response is required, KMC denies the same. KMC denies each and every remaining allegation contained in Paragraph 69 not expressly admitted herein.

70.    Plaintiff alleges that the conduct of Defendants in advertising for sale, selling, using, installing, or having installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer, was committed with the intent by Defendants to defraud consumers.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same. To the extent that Plaintiff's allegations in Paragraph 70 refer to KHI, KMC states that it is not required to respond to such allegations. To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every allegation contained in Paragraph 70 not expressly admitted herein.

71.    Plaintiff alleges that Defendants had actual notice of the condition of the odometer(s) throughout the proposed class period and have consciously elected not to notify consumers or voluntarily recall the vehicle in question, and in fact altered or directed the alteration of the odometer(s).

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 71 refer to KHI, KMC states that it is not required to respond to such allegations.  To the extent that a response to such allegations is required, KMC denies the same. KMC denies each and every allegation contained in Paragraph 71 not expressly admitted herein.

WHEREFORE, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the Court:

(a)    Enter judgment in its favor on Plaintiff's Second Amended Complaint

(b)    Deny Plaintiff's request for certification of a class;

(c)    Award KMC its costs and expenses incurred herein; and

(d)    Grant such other and further relief as the Court deems just and proper.

## COUNT II

72.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71.

**ANSWER:**    As and for its response to Paragraph 72, KMC realleges and restates its responses to Paragraphs 1 through 71 and incorporates the same by reference as if fully set forth herein.

73.    Plaintiff alleges that the Defendants violated the federal prohibition of odometer tampering as set forth in 49 U.S.C. §32703(2).  In particular, Plaintiff alleges that Defendants have violated 49 U.S.C. §32703(2) in the following manner:

> Disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's allegations in Paragraph 73 refer to KHI, KMC states that it is not required to respond to such

allegations.  To the extent that a response to such allegations is required, KMC denies the same.

KMC further states that the allegations contained in Paragraph 73 purport to state a legal

conclusion, as to which no response is required.  To the extent that a response is required, KMC

denies the same.  KMC denies each and every remaining allegation contained in Paragraph 73

not expressly admitted herein.

74.    Plaintiff alleges that the conduct of Defendants in disconnecting, resetting, altering, or having disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer, was committed with the intent by Defendants to defraud consumers.

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's

allegations in Paragraph 74 refer to KHI, KMC states that it is not required to respond to such

allegations.  To the extent that a response to such allegations is required, KMC denies the same.

KMC denies each and every allegation contained in Paragraph 74 not expressly admitted herein.

75.    Plaintiff alleges that Defendants had actual notice of the condition of the

odometer(s) throughout the proposed class period and have consciously elected not to notify

consumers or voluntarily recall the vehicle in question, and in fact altered or directed the

alteration of the odometer(s).

**ANSWER:**    KMC is without knowledge as to the identity or the actions of Defendants

Does 1-3 and therefore denies any allegations concerning the same.  To the extent that Plaintiff's

allegations in Paragraph 75 refer to KHI, KMC states that it is not required to respond to such

allegations.  To the extent that a response to such allegations is required, KMC denies the same.

KMC denies each and every allegation contained in Paragraph 75 not expressly admitted herein.

WHEREFORE, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the

Court:

4799446.2                                           - 26 -

(a)    Enter judgment in its favor on Plaintiff's Second Amended Complaint

(b)    Deny Plaintiff's request for certification of a class;

(c)    Award KMC its costs and expenses incurred herein; and

(d)    Grant such other and further relief as the Court deems just and proper.

## COUNT III

KMC states that, by this Court's Order dated August 20, 2008, Count III of Plaintiff's Second Amended Complaint is dismissed.  As a result, KMC is not required to state an answer to the allegations contained in that Count III.  However, to the extent that an answer to such allegations is required, KMC denies each and every allegation contained in Count III of Plaintiff's Second Amended Complaint.

### <u>Affirmative Defenses</u>

As and for its Affirmative Defenses to Plaintiff's Second Amended Complaint, KMC hereby states as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

As and for its First Affirmative Defense, KMC states that Plaintiff has failed to state a claim upon which relief may be granted.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

As and for its Second Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act, 49 U.S.C. §§ 32701 et seq. (the "Odometer Act") because the Odometer Act does not apply to manufacturers of vehicles when there is no allegation that the manufacturer directly transferred the vehicle to the plaintiff.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

As and for its Third Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because the Second Amended Complaint fails to allege intent to defraud with the required specificity under the Odometer Act and Fed. R. Civ. P. 9(b).

## FOURTH AFFIRMATIVE DEFENSE

As and for its Fourth Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because Plaintiff has failed to allege that the odometer on the subject motorcycle was inaccurate at the time KMC transferred the motorcycle.

## FIFTH AFFIRMATIVE DEFENSE

As and for its Fifth Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because the Second Amended Complaint fails to allege a "device" with the required specificity.

## SIXTH AFFIRMATIVE DEFENSE

As and for its Sixth Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because Plaintiff has failed to allege that KMC directly transferred the subject motorcycle to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

As and for its Seventh Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because KMC did not and has not engaged in any effort or action intended to defraud Plaintiff and/or putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

As and for its Eighth Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because any alleged rate of inaccuracy in the subject motorcycle's

speedometer and/or odometer (if any inaccuracy exists, which KMC does not admit) is within the designed tolerance of the manufacturer of such speedometer and/or odometer.

<u>NINTH AFFIRMATIVE DEFENSE</u>

As and for its Ninth Affirmative Defense, KMC states that Plaintiff has failed to state a claim under the Odometer Act because KMC did not alter the speedometer and/or odometer on the subject motorcycle, nor did KMC attach or install any device or software, or otherwise make any modification, to or on the speedometer and/or odometer.

<u>TENTH AFFIRMATIVE DEFNSE</u>

As and for its Tenth Affirmative Defense, KMC states that Plaintiff's claims and/or the claims of putative class members are barred by the doctrines of waiver, laches and/or unclean hands.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

As and for its Eleventh Affirmative Defense, KMC states that Plaintiff's damages and/or the damages of any putative class member, if any, were caused in whole or in part by its his conduct or the conduct of third parties, not under the control of KMC, and Plaintiff and/or the putative class members should be barred from any recovery as a result or, in the alternative, Plaintiff's damages and/or the damages of the putative class members, if any, should be reduced consequently.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

As and for its Twelfth Affirmative Defense, KMC states that prior to, at the time of, and subsequent to the time of the occurrences of which Plaintiff complains, Plaintiff and/or the putative class members failed to mitigate his/their damages, and Plaintiff and/or the putative

class members should be barred from any recovery as a result or, in the alternative, Plaintiff's damages and/or the damages of the putative class members, if any, should be reduced consequently.

THIRTEENTH AFFIRMATIVE DEFENSE

As and for its Thirteenth Affirmative Defense, KMC states that Plaintiff has failed to state a basis for an award of attorney's fees, and his claim for attorney's fees should be stricken as a result.

FOURTEENTH AFFIRMATIVE DEFENSE

As and for its Fourteenth Affirmative Defense, KMC states that Plaintiff has failed to state a basis for an award of treble damages, and his claim for treble damages should be stricken as a result.

FIFTEENTH AFFIRMATIVE DEFENSE

As and for its Fifteenth Affirmative Defense, KMC states that Plaintiff has failed to demonstrate that certification of a class is necessary or proper under the standards set forth in Fed. R. Civ. P. 23.

SIXTEENTH AFFIRMATIVE DEFENSE

As and for its Sixteenth Affirmative Defense, KMC states that Plaintiff's claims and/or the claims of putative class members are barred by the applicable statutes of limitations.

SEVENTEENTH AFFIRMATIVE DEFENSE

In the event of certification of a class, KMC reserves the right to advance additional defenses particular to class members.

EIGHTEENTH AFFIRMATIVE DEFENSE

KMC states that its investigation and discovery of this matter is ongoing, and KMC reserves the right to assert additional affirmative defenses as they may become appropriate or apparent.

WHEREFORE, Defendant Kawasaki Motors Corp., U.S.A. respectfully requests that the Court:

(a)     Enter judgment in its favor on Plaintiff's Second Amended Complaint

(b)     Deny Plaintiff's request for certification of a class;

(c)     Award KMC its costs and expenses incurred herein; and

(d)     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


s/Robert J. McLaughlin
Jeffrey Singer
Robert J. McLaughlin
SEGAL McCAMBRIDGE SINGER & MAHONEY LTD.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
Fax: (312) 645-7711

Richard A. Mueller, #01981617 (*pro hac vice*)
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Jorge Sanchez, Carol Nguyen, DESPRES SCWARTZ & GEOGHEGAN, 77 West Washington Street, Suite 711, Chicago, IL 60602 and Aaron D. Radbil, Gregory H. Moss, Scott M. Cohen, KROHN & MOSS, LTD., 120 West Madison Street, 10th Floor, Chicago, IL 60602

s/Robert J. McLaughlin
Jeffrey Singer
Robert J. McLaughlin
SEGAL McCAMBRIDGE SINGER & MAHONEY LTD.
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
Fax: (312) 645-7711

Richard A. Mueller, #01981617 (*pro hac vice*)
Carl J. Pesce, # 06203252 (*pro hac vice*)
Paul D. Lawrence, # 06276610 (*pro hac vice*)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
rmueller@thompsoncoburn.com
cpesce@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Defendant