IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEITH BAXTER, on behalf of )
himself and all others )
similarly situated, )
  )
            Plaintiff, )
  )
       v. ) No. 07 C 6745
  )
KAWASAKI MOTORS CORP., U.S.A., )
KAWASAKI HEAVY INDUSTRIES, LTD., )
  )
            Defendants. )

## OPINION AND ORDER

Plaintiff alleges that the odometers for certain Kawasaki motorcycles overstate the mileage the motorcycles actually travels. He alleges that defendants Kawasaki Motors Corp. U.S.A. and Kawasaki Heavy Industries, Ltd. designed, manufactured, marketed, and/or distributed these motorcycles and that this conduct constitutes a violation of provisions of the federal Odometer Act, 49 U.S.C. §§ 32701-11. In an order dated September 1, 2009, a Rule 23(b)(3) class was certified consisting of: "All persons and entities who/which purchased or leased a new Kawasaki Vulcan Nomad 1600 or Vulcan Classic 1600 motorcycle, model years 2005 through 2009, anywhere in the United States on

or after November 30, 2005 and no later than December 31, 2008. Excluded from the Class are defendants, and their parents, predecessors, successors, subsidiaries, and affiliates." After considering both sides' proposals, a form of notice to the class was approved. Defendants have moved to delay the sending of the notice until after discovery is completed and a ruling is made on any motion for summary judgment that defendants may bring.[1]

Generally, class notice should be issued as soon as practicable after class certification is granted. Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Prac. & Proc.: Civil 3d § 1788 at 528-30 (2005). This gives absent class members a full and meaningful opportunity to intervene to protect their rights or to opt out. Id. § 1786 at 499. Sometimes delay is appropriate in order to allow discovery that may result in refining the class definition or in order to more fully determine who the class members are. Also, delay may be appropriate if the case is near settlement. See id. § 1788 at 530. Some courts have held or indicated that delay is appropriate if a party will be substantially prejudiced by the notice and the class would not be prejudiced by the delay. See Tylka v. Gerber Prod. Co., 182 F.R.D. 573, 579 (N.D. Ill. 1998), vacated on other grounds,

---

[1] Plaintiff's motion to strike defendants' reply is denied.

211 F.3d 445 (7th Cir. 2000);[2] Beale v. EdgeMark Fin. Corp., 1995 WL 631840 (N.D. Ill. Oct. 23, 1995). Apparently, few cases have actually delayed notice on this last ground.

Defendant invokes the last ground as the basis for delaying notice in this case. They contend they will be substantially harmed because the notice implies wrongdoing, it will be sent to many of its past customers, and the motorcycle industry is a highly competitive industry in which Kawasaki is not a leader.[3] Defendants also contend plaintiff's claims lack merit so defendants are likely to prevail on summary judgment.[4] They are willing to have the case dismissed on summary judgment

---

[2]After summary judgment was granted for defendant, the Seventh Circuit vacated that ruling and directed that the case be remanded to state court because improperly removed. The Seventh Circuit did not vacate the grant of class certification nor related rulings as to notice.

[3]The only support for these factual contentions is a J.D. Power & Associates December 2007 press release with a one-sentence quote referring to customer "loyalty and advocacy," which is different from competitiveness. Also, there is nothing regarding Kawasaki's market share.

[4]Defendants incorrectly contend that this court has not even ruled that the pending Second Amended Complaint adequately states a claim. This case was previously dismissed for failing to state a claim. Plaintiff was thereafter permitted to reinstate the case because he submitted a proposed amendment that corrected the prior deficiency. Whether plaintiff will be able to prove the allegations of the Second Amended Complaint is open to question, but this court will not presume that he will not be able to prove the allegations.

and not have such a decision binding on putative class members due to lack of notice. Plaintiff contends that delayed notice has the potential to harm the class because some class members are likely to move in the interim without new addresses being found. Neither party addresses class members' interest in being informed about the case so that they can have an opportunity to intervene or otherwise affect its progress if they so choose.

Prompt notice is the norm and should be strongly presumed. Defendants must make a substantial showing of prejudice to possibly overcome the presumed procedure. Defendants have made no such showing. Defendants' motion will be denied. No later than 30 days from the date of today's order, plaintiff shall send out the previously approved notice with appropriate dates inserted based on the date the notice is mailed out.

IT IS THEREFORE ORDERED that plaintiff's motion to strike [137] and defendants' motion to delay notice [132] are denied. Within 30 days, plaintiff shall send class notice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 27, 2010

- 4 -